UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. STEPHEN ALEXANDER VADEN, JUDGE

| | |
|---|---|
| COZY COMFORT COMPANY, LLC, | : |
| Plaintiff, | : |
| v. | : Court No. 22-00173 |
| UNITED STATES, | : |
| Defendant. | : |

## ANSWER

Pursuant to Rule 7(a) of the Rules of the United States Court of International Trade, defendant, the United States, responds to the allegations of plaintiff's, Cozy Comfort Company, LLC, complaint as follows:

### JURISDICTION[1]

1. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required.

2. Admits that, on May 20, 2022, plaintiff filed Protest No. 2704-22-160430 at the Port of Los Angeles, contesting U.S. Customs and Border Protection's (CBP) classification of the Comfy® as a pullover under subheading 6110.30.30 of the Harmonized Tariff Schedule of the United States (HTSUS). Denies any inference that the legal classification includes the 9th and 10th digits and avers that the 9th and 10th digits of HTSUS provisions (and accompanying text, if any) comprise the statistical suffix to the provision and are not statutory. The remaining allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent they may be considered allegations of fact, admits.

3. Admits.

4. Admits.

---

[1] For ease of reference, we have included the headings and subheadings used by plaintiff in its complaint. However, because they do not constitute allegations, no response is required. Further, no inference should be made that defendant agrees with any characterization in such headings and subheadings.

5. Admits.

6. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required.

## PARTIES

7. Admits that plaintiff is the importer of record for the subject merchandise. Denies the remaining allegations in this paragraph for lack of information or knowledge sufficient to form a belief as to the truthfulness of the allegations.

8. Admits.

## STANDING

9. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required.

10. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required.

## FACTUAL BACKGROUND

11. Admits.

12. Admits to the extent supported by the cited Informed Compliance Publication and the relevant statutes, but otherwise denies.

13. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent they may be considered allegations of fact, denies.

14. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent a response is required, admits to the extent support by judicial precedent, otherwise denies.

15. Admits.

16. Admits.

17. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent they may be considered allegations of fact, denies.

18. Denies for lack of information or knowledge sufficient to form a belief as to the truthfulness of the allegations.

19. Denies for lack of information or knowledge sufficient to form a belief as to the truthfulness of the allegations.

20. Admits that plaintiff has previously imported the Comfy® and entered the merchandise under HTSUS 6301.40.0020, but denies that the merchandise in this case was entered under HTSUS 6301.40.0020.  Further denies any inference that the legal classification includes the 9th and 10th digits and avers that the 9th and 10th digits of HTSUS provisions (and accompanying text, if any) comprise the statistical suffix to the provision and are not statutory.

21. Admits that on or about March 20, 2020, CBP issued a notice that several entries of the Comfy® would be rate advanced with the merchandise classified under subheading 6110.30.3059, HTSUS, but denies that the notice included the entry in this case.  The remaining allegations in this paragraph consist of legal argument or conclusions of law to which no response is required.  To the extent they may be considered allegations of fact, denies.

22. Admits that plaintiff classified the merchandise in this case under subheading 6110.30.30, HTSUS.  Denies the remaining allegations in this paragraph for lack of information or knowledge sufficient to form a belief as to the truthfulness of the allegations.  Further denies any inference that the legal classification includes the 9th and 10th digits and avers that the 9th and 10th digits of HTSUS provisions (and accompanying text, if any) comprise the statistical suffix to the provision and are not statutory.

23. Admits that plaintiff filed Protest No. 2704-22-160430 on May 20, 2022.  The remaining allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required.

24. Admits.

## COUNT I

(Incorrect Classification Decision – Blanket)

25. Defendant incorporates its responses to paragraphs 1 through 24 as if fully set forth herein.

26. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required.  To the extent they may be considered allegations of fact, denies.

27. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required.  To the extent they may be considered allegations of fact, denies.

## COUNT II

(Incorrect Classification Decision – Textile)

28. Defendant incorporates its responses to paragraphs 1 through 24 as if fully set forth herein.

29. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent they may be considered allegations of fact, denies.

30. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent they may be considered allegations of fact, denies.

31. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent they may be considered allegations of fact, denies.

32. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent they may be considered allegations of fact, denies.

## **COUNT III**

(Incorrect Classification Decision – Garment)

33. Defendant incorporates its responses to paragraphs 1 through 24 as if fully set forth herein.

34. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent they may be considered allegations of fact, denies.

35. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent they may be considered allegations of fact, denies.

36. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent they may be considered allegations of fact, denies.

## **RELIEF**

37. This paragraph consists of plaintiff's request for entry of judgment to which no response is required. To the extent a response is required, denies that plaintiff is entitled to the requested relief.

**WHEREFORE**, defendant respectfully requests that judgment be entered dismissing this action, sustaining the decision of the appropriate CBP officials and the assessment of duty thereunder, and granting defendant such other and further relief as may be just and appropriate.

    Respectfully submitted,

    BRIAN M. BOYNTON
    Principal Deputy Assistant Attorney General

    PATRICIA M. McCARTHY
    Director

    JUSTIN R. MILLER
    Attorney-In-Charge
    International Trade Field Office

By:    /s/ Aimee Lee
    AIMEE LEE
    Assistant Director

    /s/ Brandon A. Kennedy
    BRANDON A. KENNEDY
    Trial Attorney
    Department of Justice, Civil Division
    Commercial Litigation Branch
    26 Federal Plaza – Suite 346
    New York, New York 10278
    Tel. (212) 264-9237

Dated: August 23, 2022    *Attorneys for Defendant*