# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| COZY COMFORT COMPANY, LLC,<br><br>  *Plaintiff,*<br><br>v.<br><br>UNITED STATES,<br><br>  *Defendant,* | Before: Stephen Alexander Vaden,<br>Judge<br><br>Court No. 1:22-cv-00173 (SAV) |

## ORDER

Following oral argument on June 12, the Court **DENIED** Defendant's Motion for Summary Judgment, ECF No. 28, because Defendant has not established that there is "no genuine issue as to any material fact." *See* USCIT R. 56(c); Minute Order, ECF No. 47.

### I. BACKGROUND

The only issue in this case is how to classify The Comfy®. The Government requests summary judgment upholding its classification of The Comfy® under heading 6110, which covers "[s]weaters, pullovers, sweatshirts, waistcoats (vests) and similar articles, knitted or crocheted." 6110, HTSUS. United States Customs and Border Protection (Customs) classified The Comfy® under heading 6110 and assessed duties at a rate of 32 percent *ad valorem*. Compl. ¶ 2, ECF No. 6; 6110.30.30, HTSUS. Cozy Comfort opposes summary judgment because it claims there is a genuine dispute of material fact. *See* Pl.'s Opp'n to Def.'s Mot. Summ. J. (Pl.'s Opp'n) at 1, ECF No. 34. It also offers three alternative classifications, all dutiable at lower rates. *See* Compl. ¶ 37, ECF No. 6; 6114.30.30, HTSUS (14.9 percent *ad valorem*); 6301.40.00, HTSUS (8.5 percent *ad valorem*); 6307.90.98, HTSUS (7 percent *ad valorem*).

This case concerns one entry of subject merchandise.  *See* Def.'s Statement of Undisputed Material Facts (Def.'s Facts) ¶¶ 1–4, ECF No. 29; Pl.'s Resp. to Def.'s Statement of Undisputed Material Facts (Pl.'s Facts) ¶¶ 1–4, ECF No. 33.  Customs classified The Comfy® under Heading 6110, HTSUS.[1]  Compl. ¶ 2, ECF No. 6; Def.'s Facts ¶ 5, ECF No. 29.  Cozy Comfort filed a protest with Customs, which Customs denied.  Compl. ¶ 2–3, ECF No. 6.  Cozy Comfort then brought this case.  *See* Summons, ECF No. 1.  Following discovery, the Government moved for summary judgment.  *See* Def.'s Mot. Summ. J. (Def.'s Mot.), ECF No. 28.  Cozy Comfort filed a response brief, and the Government then filed a reply brief.  *See* Pl.'s Opp'n, ECF No. 34; Def.'s Reply, ECF No. 39.  The Court heard oral argument on June 12, 2024, and denied the Government's Motion from the bench.  Minute Order, ECF No. 47.

## II. JURISDICTION AND STANDARD OF REVIEW

The Court has jurisdiction pursuant to 28 U.S.C. § 1581(a) because Cozy Comfort contests Customs' denial of its protest of the tariff classification of its merchandise.  28 U.S.C. § 1581(a).  The Court reviews Customs' denial of Cozy Comfort's protest *de novo*.  *See Rheem Metalurgica S/A v. United States*, 951 F. Supp. 241, 246 (CIT 1996), *aff'd*, 160 F.3d 1357 (Fed. Cir. 1998).

Summary judgment shall be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  USCIT R. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (interpreting the analogous provision of

---

[1] Because Cozy Comfort entered the merchandise at issue in 2021, all citations to the HTSUS are to the 2021 version.

the Federal Rules of Civil Procedure). In a tariff classification dispute, summary judgment is appropriate where "there is no genuine dispute as to the nature of the merchandise and the classification turns on the proper meaning and scope of the relevant tariff provisions." *Deckers Outdoor Corp. v. United States*, 714 F.3d 1363, 1371 (Fed. Cir. 2013) (citing *Bausch & Lomb, Inc. v. United States*, 148 F.3d 1363, 1366 (Fed. Cir. 1998)). In ascertaining whether a genuine dispute as to any material fact exists, the Court reviews the evidence submitted, drawing all inferences against the moving party. *See Matsushita Elecs. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The movant bears the burden of demonstrating that there exists no genuine issue of material fact that would warrant a trial. *See, e.g.*, *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

### III. DISCUSSION

The Government bears the burden of showing there is no genuine issue of material fact, and all inferences are drawn against the Government at this stage. The Government has not met its burden to show summary judgment is warranted. Accordingly, this case must proceed to trial.

The Federal Circuit has identified the following four "essential characteristics" of goods covered by heading 6110: They (1) cover "the upper body," (2) provide "some warmth," (3) do not "protect against wind, rain, or extreme cold," and (4) can be worn over "undergarments or other clothing." *Rubies Costume Co. v. United States*, 922 F.3d 1337, 1345–46 (Fed. Cir. 2019). The parties disagree about whether The Comfy® provides protection from extreme cold. *Compare* Def.'s Facts ¶ 21, ECF No. 29 ("The Comfy® is not intended to be worn for protection against … extreme cold."); *with* Pl.'s Facts ¶ 21, ECF No.

Court No. 1:22-cv-00173 (SAV)                                                          Page 4

33 ("The Comfy® is used to provide warmth from extreme cold."). The Court faces two competing assertions. Cozy Comfort asserts, through a declaration by Mr. Speciale, that the Comfy does protect against extreme cold. *See* Pl.'s Facts ¶ 21, ECF No. 33. The Government asserts that The Comfy® does not protect against extreme cold, but the Government cannot point to evidence currently before the Court to definitively refute Cozy Comfort's assertion. *See* Def.'s Facts ¶ 21, ECF No. 29. This is exactly the type of dispute that the Court cannot resolve on summary judgment.

In conjunction with the *Rubies Costume* test, the Court must also consider the following use factors: (1) physical characteristics, (2) design and intended use, and (3) marketing. *See GRK Canada, Ltd. v. United States*, 761 F.3d 1354, 1358 (Fed. Cir. 2014); *Allstar Mktg. Grp., LLC v. United States*, 41 CIT __, 211 F. Supp. 3d 1319, 1332–33 (2017) (citing *GRK Canada*). Again, the parties have competing views. Cozy Comfort claims the use factors favor classifying The Comfy® as a blanket under heading 6301. *See* Pl.'s Opp'n at 28–39, ECF No. 32. The Government claims the use factors favor classification under heading 6110. *See* Def.'s Mot. at 21–22, ECF No. 28. The parties disagree over facts regarding The Comfy®'s intended use and marketing. *Compare* Def.'s Facts ¶¶ 22–33, ECF No. 29, *with* Pl.'s Facts ¶¶ 22–33, ECF No. 33.

Summary judgment is only appropriate when "there is no genuine issue as to any material fact." USCIT R. 56(c). The moving party — in this case the Government — bears the burden of showing there is no genuine issue. *See, e.g.*, *Adickes*, 398 U.S. at 157. The Government has not met that burden.

The only way to resolve the disputed factual issues is through a trial. At trial, the Court is particularly interested in hearing evidence about three matters: (1) whether The Comfy® protects against extreme cold, (2) how The Comfy® compares to the Snuggie®, and (3) the use factors identified in *GRK Canada* and applied in *Allstar Marketing*.

Under the *Rubies Costume* test, The Comfy® may not be classifiable under heading 6110 if it "protects against … extreme cold." 922 F.3d at 1345–46. There is a genuine dispute of material fact over whether The Comfy® protects against such cold. The Court is interested in hearing any admissible evidence the parties have on this topic. *See generally* Fed. R. Evid. 801–804. This evidence may include expert testimony.

Cozy Comfort relies heavily on *Allstar Marketing*, 41 CIT __, 211 F. Supp. 3d 1319, to argue for classifying The Comfy® as a blanket under heading 6301. In *Allstar Marketing*, another judge of this Court found that the Snuggie® was properly classified under heading 6301 as a blanket. *Id.* at 1337. The Court wishes to know any similarities or differences between The Comfy® and the Snuggie® that bear on classification. The parties may enter into evidence samples of the Snuggie® to assist in this comparison, provided they satisfy the relevant requirements in the Federal Rules of Evidence.

Finally, the Federal Circuit in *GRK Canada* instructed this Court to consider use while examining *eo nomine* tariff provisions when a "provision's name 'inherently suggests a type of use'" or when use is relevant to "determining whether [an article] fits within the classification's scope." 761 F.3d at 1359 (quoting *Carl Zeiss, Inc. v. United States*, 195 F.3d 1375, 1379 (Fed. Cir. 1999)). The Court in *Allstar* considered use to classify the Snuggie® as a blanket under heading 6301. 41 CIT at __, 211 F. Supp. 3d at 1332–33. Here, the Court

finds use is a relevant consideration to classify The Comfy®. The Court will consider the factors identified in *GRK Canada* and applied in *Allstar Marketing*: (1) physical characteristics, (2) design and intended use, and (3) marketing. *See GRK Canada*, 761 F.3d at 1358; *Allstar Marketing*, 41 CIT at __, 211 F. Supp. 3d at 1333. The Court is interested in hearing any admissible evidence the parties have on this topic.

## IV. PREPARATION FOR TRIAL

The parties are directed to eliminate any undisputed and peripheral matters and to proceed to a final definition of the issues to be tried. To carry out the foregoing, it is hereby **ORDERED**:

1. <u>Pretrial Conference</u>: Counsel for the parties must participate in the pretrial conference in person at the Court of International Trade in New York on September 19 at 2:30 P.M. in Courtroom 4.

2. <u>Settlement Conference</u>: Counsel for the parties must confer and make a good faith attempt to settle this matter and avoid trial. Before the pretrial conference, counsel must file a joint certification of settlement efforts including a representation that they have discussed settlement, identified obstacles thereto, considered options for overcoming those obstacles, and conferred with their clients regarding the status of settlement discussions and any terms of settlement offered by opposing counsel.

3. <u>Exchange of Documents and Lists of Witnesses</u>: Counsel must exchange copies of all documents proposed to be used in evidence and of their lists of witnesses

Court No. 1:22-cv-00173 (SAV) Page 7

no later than 6 weeks before the pretrial conference. Counsel must be prepared at the pretrial conference to discuss and have the Court rule on objections.

4. <u>Joint Proposed Pretrial Order</u>: No later than one week before the pretrial conference, Plaintiff's counsel must prepare and file with the Court a proposed pretrial order using the proper form. A template for a pretrial order is available on the rules page of the Court's website. Counsel for all parties are directed to cooperate in the preparation and completion of the proposed pretrial order.

   a. No later than five weeks before the pretrial conference, Plaintiff's counsel must prepare and serve on Defendant's counsel a proposed pretrial order with attached schedules. Before preparing Schedule A (names of parties and attorneys), Schedule C (uncontested facts), and Schedule F (triable issues), Plaintiff's counsel must consult with opposing counsel.

   b. On receipt of Plaintiff's proposed order and schedules, Defendant's counsel must prepare any additional schedules and deliver them in final form to Plaintiff's counsel no later than three weeks before the pretrial conference for inclusion in the joint proposed pretrial order that must be filed with the Court at least one week before the pretrial conference. If counsel cannot agree on the content of Schedules A, C, and F, separate statements may be included by each counsel.

Court No. 1:22-cv-00173 (SAV)                                                                 Page 8

      c. When separate schedules are submitted by the parties, Plaintiff's schedules will be designated with the suffix number 1 (*e.g.*, C-1, D-1, E-1, *etc.*). Defendant's schedules will be designated with the suffix number 2 (*e.g.*, C-2, D-2, E-2, *etc.*).

5. <u>Exhibits</u>: Promptly following the pretrial conference, counsel must meet with case manager Jason Chien to pre-mark their exhibits, using the numbering assigned to them in the exhibit schedules of the pretrial order. The parties shall provide at least six courtesy copies of each exhibit (four for the Court, one for the case manager, and one for opposing counsel).

6. <u>Deposition Testimony</u>: Any party intending to use deposition testimony as evidence must notify all the adversaries of the testimony proposed to be read into the record no later than three weeks before trial. Objections to any proposed deposition testimony must be made in writing no later than two weeks before trial. The parties must file copies of the depositions with the Court, indicating the portions to be read and any related objections. The Court will rule on any objections before the trial.

7. <u>Pretrial Motions</u>: Counsel must file with the Court any pretrial motions, including any motions *in limine*, no later than two weeks before trial. If possible, the parties are encouraged to file any such motions earlier than the deadline to facilitate their prompt resolution and the parties' trial preparations.

Court No. 1:22-cv-00173 (SAV)                                                                 Page 9

8. <u>Pretrial Summary Memoranda</u>:  No later than one week before trial, each party may provide the Court with memoranda of law containing (1) a statement of the material facts the party intends to establish at trial; (2) a description of the evidence the party intends to introduce at trial supporting those material facts; and (3) a discussion addressing the material facts, evidentiary issues, and legal issues that remain in dispute.

9. <u>Trial</u>:  Trial will begin in person at the Court of International Trade in New York on October 21, 2024.  Trial will end no later than October 25, 2024.

10. <u>Modification</u>:  The Court takes this schedule seriously and will enforce the good cause standard for any proposed deviations.  The Court is highly unlikely to grant any motion to postpone the trial date or extend the trial beyond October 28, 2024.

**SO ORDERED.**

/s/ Stephen Alexander Vaden
Stephen Alexander Vaden, Judge

Dated: June 18, 2024
         New York, New York