**UNITED STATES COURT OF INTERNATIONAL TRADE**
BEFORE: HON. STEPHEN ALEXANDER VADEN, JUDGE

|  |  |
|---|---|
| COZY COMFORT COMPANY LLC, | Court No. 22-00173 |
| Plaintiff, | |
| v. | |
| UNITED STATES, | |
| Defendant. | |

### PLAINTIFF COZY COMFORT COMPANY LLC'S MOTION *IN LIMINE* TO EXCLUDE THE TESTIMONY AND REPORTS OF DEFENDANT'S EXPERT WITNESS PATRICIA CONCANNON

Cozy Comfort Company LLC (hereinafter "Plaintiff" or "Cozy") hereby moves *in limine* to exclude the testimony and reports of Patricia Concannon, who was retained by the United States ("Defendant"). Ms. Concannon is not an expert qualified to opine on the remaining matters of interest to this Court, namely: (1) whether The Comfy® protects against "extreme cold," (2) how The Comfy® compares to the Snuggie®, and (3) the use factors identified in GRK Can., Ltd. v. United States, 761 F.3d 1354 (Fed. Cir. 2014) and applied in Allstar Mktg. Grp., LLC v. United States, 211 F.Supp.3d 1319 (Ct. Int'l Trade 2017). (See Court's June 18, 2024, Summary Judgment Order (ECF No. 48) at 5–6.).

## I.  <u>INTRODUCTION</u>

Defendant retained a business-to-business ("B2B") sales and marketing adjunct lecturer and trade show professional, Patricia Concannon, to provide opinion testimony regarding the customs classification of The Comfy®, and to opine that The Comfy® "is, by design, physical features, use, and marketing, a garment, and specifically, a pullover or oversized sweatshirt that does not protect from extreme cold." (Concannon Expert Report (attached hereto as Exhibit A), 1.). Ms. Concannon is also being offered to provide opinion testimony on the differences between The Comfy® and the Snuggie® blanket, and whether "The Comfy® is similar to the Santa Suit jacked discussed in the *Rubies* case . . .." (<u>Id.</u>, 1–2.).

Yet as discussed below, Ms. Concannon admits that she is not a garment or blanket designer, and is certainly not an expert in garment, blanket, or textile manufacturing. Likewise, Ms. Concannon is admittedly not a weather expert nor an expert in "extreme cold" or articles that protect from "extreme cold." Indeed, Ms. Concannon's background is in B2B sales and marketing, and she is therefore unqualified to render design-based opinions concerning practical uses of The Comfy® design. Tellingly, Ms. Concannon has never been retained by any party or admitted by any court to opine on any issue, claim, or matter at any point in a legal dispute, customs-related, design-related, fashion-related, garment-related, or

otherwise. Moreover, Ms. Concannon fails to explain her own methodology, to the extent she applied any reproducible methodology to arrive at her conclusions. Accordingly, Cozy respectfully requests that the Court act as gatekeeper and exclude Ms. Concannon's testimony.

## II.    LEGAL STANDARD

"The Supreme Court has held that reliability is the touchstone for expert testimony on 'scientific, technical, or other specialized knowledge.'" Libas, Ltd. v. United States, 193 F.3d 1361, 1365–66 (Fed. Cir. 1999) (quoting Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 589 (1993) (quoting Fed. R. Evid. 702)). "A trial judge, acting as 'gatekeeper,' must ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." Libas, 193 F.3d at 1366. "Proposed testimony must be supported by appropriate validation—i.e., 'good grounds,' based on what is known." Id. "In short, the requirement that an expert's testimony pertaining to 'scientific knowledge' establishes a standard of evidentiary reliability." Id. This gatekeeping requirement has been extended "from scientific to all expert testimony." Id. (citing Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137 (1999)); Fed. R. Evid. 702.

Critically, the law requires that experts explain their methodology to allow it to be critiqued and responded to by competing experts. See City of Pomona v. SQM

N. Am. Corp., 750 F.3d 1036, 1043–44 (9th Cir.2014) ("The court must assess the expert's reasoning or methodology, using as appropriate criteria such as testability, publication in peer-reviewed literature, known or potential error rate, and general acceptance") (citing Estate of Barabin v. AstenJohnson, Inc., 740 F.3d 457, 463 (9th Cir.2014) (*en banc*)).

## III.   ARGUMENT

### A.  Ms. Concannon is not a qualified expert.

It is unclear why Defendant retained Ms. Concannon. Ms. Concannon has never been qualified as an expert in any case. (August 02, 2024, Concannon Deposition (attached hereto as Exhibit B), 96:22-25). Indeed, Ms. Concannon already admitted that she: (1) is not an expert on the construction of outerwear (Id. at 50:9-10); (2) is not an expert in the construction of cold weather garments (Id. at 51:3-5); (3) is not a textile expert and has never designed, marketed, produced or otherwise developed a textile. (Id. at 57:7-12; 68:10-12; 68:16-17; 72:15-16; 74:18-24; 92:6-8; 93:12-20); (4) has never created a garment (Id. at 69:3-5); (5) lacks any meteorological training or weather reporting experience to determine "extreme cold" and has no experience in and does not consider herself to be an expert in any science (Id. at 52:7-9; 78:21-79:8; 105:2-4); (6) has never designed a pullover or blanket and has never done any actual marketing for apparel companies (Id. at 75:14-16; 93:12-

20); (7) teaches business-focused courses, rather than apparel-design or textile-focused courses and has not taught any college course on textile differences (Id. at 60:12-25 and 65:24-66:8); and (8) has never published a peer-reviewed article (Id. at 8:12). Moreover, although Ms. Concannon purported to rely on The Comfy® patents and trademarks in reaching her conclusions, Ms. Concannon admits that she has no formal intellectual property experience, has never applied for or received a patent or trademark, and is neither an expert in patents nor trademarks. (Id. at 77:10-15; 159:21-22; 208:6-17).

Instead, Ms. Concannon's degrees are in general education, merchandising, and management, and she testified explicitly that she considers herself an expert on "trade shows" and "fashion supply chain" (Id. at 39:18-19; 58:20-21; 78:21-23; 87:23-25). Any testimony from Ms. Concannon in this HTS classification would be unreliable and would fall well short of the requirements for expert opinions under Fed. R. Evid. 702. Accordingly, Ms. Concannon is unqualified to testify on any of the remaining issues in this trial.

### B. Ms. Concannon is also unqualified for failing to articulate any recognizable or reproducible methodologies.

Ms. Concannon does not share the methodologies she used to arrive at her opinions. *First*, Ms. Concannon fails to describe the methodology she used to

"determine" that The Comfy® does not protect against the "extreme cold", and to the extent she even has a methodology, it amounts to simply knowing, as any layperson would, what constitutes "extreme cold." (Ex. B, Concannon Dep., at 33:2-14.). *Second*, Ms. Concannon apparently compared The Comfy® to the Snuggie® without ever physically examining the Snuggie® or comparing the fabrics used to make the Snuggie® to those used to make The Comfy®. (Id. at 113:1-4 and 115:4-6). Likewise, Ms. Concannon likened The Comfy® to the Santa Suit product, but never actually inspected the Santa Suit. (Id. at 214:22-23 ("Q. Did you inspect the Santa Suit product? A. Not physically. . ..")). *Third*, though Ms. Concannon unreservedly concluded that The Comfy® is a garment, Ms. Concannon did not conduct any market research on The Comfy® (Id. at 64:25-65:2), never considered what consumers thought of The Comfy® (Id. at 83:8-11), did not conduct any consumer opinion research on The Comfy® (Id. at 82:1-4), and never consulted any textile textbooks to reach her conclusion. (Id. at 142:2-10).

Ms. Concannon's testimony is entirely unhelpful to the Court, since the issue of whether The Comfy® protects against "extreme cold" is one for which the "Court is interested in hearing any admissible evidence . . . includ[ing] expert testimony." (ECF No. 48, pp. 5). Without an articulation or identification of a reproducible methodology, the Court cannot "assess [Ms. Concannon's] reasoning or

methodology, using as appropriate criteria such as testability, publication in peer-reviewed literature, known or potential error rate, and general acceptance." See City of Pomona, 750 F.3d at 1043–44 (citing Estate of Barabin, 740 F.3d at 463). Likewise, in failing to explain her own methodology, Ms. Concannon makes it impossible for Cozy's experts (or any expert for that matter) to critique her methodology.

Perhaps Ms. Concannon intends to reveal her "methods" for the first time at trial, and Cozy recognizes that it can always discredit Ms. Concannon on factual issues in her analysis. Here, however, the Court is not obliged to allow at trial unreliable and irrelevant testimony that is devoid of any grounding in an articulated method or principle. Indeed, the Court has an obligation to prevent unarticulated methodologies and improper legal tests from being presented. Ms. Concannon's testimony, especially on the issues of "extreme cold" and The Comfy® design features, fails to assist the Court on any fact of consequence (Fed. R. Evid. 401), is irrelevant and inadmissible (Fed. R. Evid. 402) and would be unfairly prejudicial to Cozy. (Fed. R. Evid. 403).

## IV.    CONCLUSION

Ms. Concannon, a purported trade show professional and expert in "fashion supply chains," does not possess the "knowledge, skill, experience, training, or

education" necessary to qualify as an expert in this dispute regarding the proper classification of an article under the Harmonized Tariff Schedule. <u>See</u> Fed. R. Evid. 702. Moreover, she should be disqualified from testifying as an expert because: (1) she is not an expert in any relevant field related to the issues in this case; (2) she will not "help the factfinder understand the evidence;" (3) her "testimony is [not] the product of reliable principles and methods;" and (4) she has not "reliabl[y] appli[ed] the principles and methods to the facts of the case." <u>See</u> Fed. R. Evid. 702(a)-(d). For the foregoing reasons, Cozy respectfully requests that the Court grant its motion, finding Ms. Concannon unqualified as expert on any of the remaining issues in this case (ECF No. 48, pp. 5-6), excluding Ms. Concannon's reports and testimony, and precluding Defendant from calling Ms. Concannon to testify at trial.

DATED:  September 17, 2024



/s/

Christopher J. Duncan
Elon Pollack
**STEIN SHOSTAK SHOSTAK POLLACK & O'HARA, LLP**
865 S. Figueroa St., Suite 1388
Los Angeles, California 90017
Telephone: (213) 630-8888
cduncan@steinshostak.com


Gregory P. Sitrick (*pro hac vice* forthcoming)
Isaac S. Crum (*pro hac vice* forthcoming)
Sharif S. Ahmed (*pro hac vice* forthcoming)
**MESSNER REEVES LLP**
7250 N. 16th St., Suite 410
Phoenix, Arizona 85020
Telephone: (602) 457-5059
Facsimile: (303) 623-0552
gsitrick@messner.com
icrum@messner.com
sahmed@messner.com

**ATTORNEYS FOR PLAINTIFF COZY COMFORT COMPANY, LLC**