## UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: HON. STEPHEN ALEXANDER VADEN, JUDGE

| | |
|---|---|
| COZY COMFORT COMPANY, LLC, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| UNITED STATES, | : |
| | : |
| Defendant. | : |

Court No. 22-00173

## <u>ORDER</u>

Upon consideration of defendant's motion *in limine* to exclude plaintiff's unauthenticated, hearsay, and otherwise inadmissible documents or physical exhibits as trial evidence, and upon consideration of other papers and proceedings had herein, it is hereby

**ORDERED** that defendant's motion be, and hereby is, granted; and it is further

**ORDERED** that Plaintiff's Exhibits (P) 9, 10, 11, 12, 13, 14, 15, 23, 24, and 30 from its first Schedule H-1 (ECF No. 52 at 63-65) are excluded from evidence at trial; and it is further

**ORDERED** that Plaintiff's Exhibits (P) 8, 24, 25, and 26 from its second Schedule H-1 (ECF No. 52 at 66-68) are excluded from evidence at trial.

_____

JUDGE

Dated: _____
      New York, New York

## UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: HON. STEPHEN ALEXANDER VADEN, JUDGE

| | |
|---|---|
| COZY COMFORT COMPANY, LLC, | : |
| | : |
| Plaintiff, | : |
| | : Court No. 22-00173 |
| v. | : |
| | : |
| UNITED STATES, | : |
| | : |
| Defendant. | : |

### DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE PLAINTIFF'S UNAUTHENTICATED, HEARSAY, OR OTHERWISE INADMISSIBLE EXHIBITS AS TRIAL EVIDENCE

Defendant, the United States, in accordance with the Court's September 19, 2024 Minute Order, ECF No. 58, respectfully moves this Court for an order excluding from trial plaintiff Cozy Comfort Company, LLC's (Cozy Comfort) unauthenticated, hearsay, and/or otherwise inadmissible documents or physical exhibits listed on Cozy Comfort's first Schedule H-1 (Attachment A; ECF No. 52 at 63-65) as Plaintiff's Exhibits (P) 9, 10, 11, 12, 13, 14, 15, 23, 24, and 30; and Plaintiff's Exhibits (P) 8, 24, 25, and 26 from its second Schedule H-1 (Attachment B; ECF No. 52 at 66-68).

### BACKGROUND

The Court is familiar with the background of this case, which concerns the proper classification of plaintiff's subject merchandise, The Comfy®. *See* ECF No. 48, Court's Order dated June 18, 2024. Plaintiff maintains that The Comfy® is not classifiable as a pullover, sweatshirt, or similar article under heading 6110, of the Harmonized Tariff Schedule of the United States (HTSUS). *See id.* at 1. The Government maintains that the physical features, design, use, and marketing of The Comfy® show that it meets the definitions of pullover and sweatshirt, or that it is otherwise a similar article of heading 6110, HTSUS. *See id.* at 1-2.

## ARGUMENT

### I.    PLAINTIFF'S UNAUTHENTICATED, HEARSAY, OR OTHERWISE INADMISSIBLE DOCUMENTS OR PHYSICAL EXHIBITS SHOULD BE EXCLUDED AT TRIAL

We respectfully request that the Court exclude plaintiff's proposed Exhibits (P) 9, 10, 11, 12, 13, 14, 15, 23, 24, and 30 from its first Schedule H-1; and Exhibits (P) 8, 24, 25, and 26 from its second Schedule H-1, because, as discussed below, these proposed exhibits have not been authenticated, contain hearsay, and/or are otherwise inadmissible for other evidentiary or procedural reasons.

As reflected in our Schedule I-2, ECF No. 52 at 87-92, we lodged our various objections to certain of plaintiff's proposed exhibits. We discuss those more fully as part of this motion.

#### A.    Authenticity

Federal Rule of Evidence (FRE) 901(a) explains that "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Authentication is a condition precedent to admissibility. *See Orr v. Bank of America, NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002) (citing FRE 901(a)).

FRE 901(b) provides a non-exhaustive list of ways to authenticate evidence such as providing the testimony of a witness with knowledge. Plaintiff has, to date, failed to properly avail itself of the methods provided by this rule of evidence. Because plaintiff has failed to establish the authenticity of Exhibits 9, 11, 12, 13, 14, 15, and 23 from plaintiff's first Schedule H-1, and Exhibits 24, 25, and 26 from its second Schedule H-1, they should be excluded from trial.

#### B.    Relevance

Plaintiff's proposed Exhibit (P) 23 from its first Schedule H-1 is not relevant. FRE 401 provides that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."

FRE 401 could be seen to be the most fundamental rule of evidence because "[i]rrelevant evidence is not admissible."  FRE 402.

Here, plaintiff through its proposed witness, James C. Crumley, provided a sample of a Snuggie®, designated as Exhibit (P) 23 on its first Schedule H-1, that it seeks to use as evidence at trial.  Plaintiff advances a position that The Comfy® at issue here should be classified in the same manner as the Snuggie® at issue in *Allstar Mktg. Grp., LLC v. United States*, 211 F. Supp. 3d 1319 (Ct. Int'l Trade 2017), *i.e.*, as a blanket of heading 6301, HTSUS.

As discussed during the September 19, 2024 pretrial conference, the sample provided by Mr. Crumley possesses a copyright date of 2023.  The *Allstar* Snuggie® was entered into the United States in December 2009.  211 F.Supp.3d at 1322 n.3.  Accordingly, Exhibit (P) 23, is not relevant because it is not the article at issue in *Allstar* and is not probative.

### C. Hearsay

In addition to their authenticity problem, plaintiff's proposed Exhibits (P) 9, 10, 11, 12, 13, 14, 15, from its first Schedule H-1, and Exhibits 24, 25, and 26 from its second Schedule H-1, also contain hearsay.  FRE 801(c) defines hearsay as a "statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement."   Hearsay is generally not admissible.   FRE 802.

Although exceptions to hearsay exist, the burden is on the proponent of the document to establish that exception.   For example, a proponent could claim an exception to hearsay under FRE 803(6) (records of a regularly conducted activity).   This Rule requires the proponent to provide the testimony of the custodian or another qualified witness, or a certification that complies with FRE 902(11) or with a statute permitting certification, and additionally, it is also required that the source of information not indicate a lack of trustworthiness, among other requirements.  FRE 803(6).

The proponent must also meet the notice requirements of FRE 902(11), part of which requires that the certification for the documents be available for inspection so that the party has a fair opportunity to challenge it. *See* FRE 902(11) ("Before the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record — and must make the record and certification available for inspection — so that the party has a fair opportunity to challenge them."). Similarly, the certification must satisfy FRE 803(6)(A)-(C) which require testimony or a written declaration by a custodian or other qualified person who can certify that the record (a) was made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters; (b) was kept in the course of the regularly conducted activity; and (c) was made by the regularly conducted activity as a regular practice. Here, plaintiff has not established any hearsay exceptions for its proposed Exhibits (P) 9, 10, 11, 12, 13, 14, 15, from its first Schedule H-1, and Exhibits 24, 25, and 26 from its second Schedule H-1,

Separately, certain of these exhibits also reflect a lack of trustworthiness. For example, plaintiff's Exhibits (P) 9 from its first Schedule H-1, and 24, 25, and 26 from its second Schedule H-1 consist of depictions of The Comfy® displayed for sale, but they appear to have been collected and/or prepared for litigation purposes, and/or after the legal dispute began. Indeed, proposed Exhibits (P) 24, 25, and 26 suffer from being partially cut off and lacking a URL or a date. P11, a study prepared by plaintiff, also lacks a date, author, and indicia that it precedes the legal dispute or the time The Comfy® was first imported. P12, consisting of photographs submitted by customers, is an inherently unreliable proposed exhibit because none of the customers who took the photographs have been identified as percipient witnesses who would testify at trial regarding the time, place, and circumstances of the photographs. Finally, P13, a compilation of customer reviews prepared by plaintiff; P14, a single customer review on Amazon; and P15, a document showing plaintiff's net sales between 2018 and 2022, are also inherently

unreliable proposed exhibits as they are documents prepared after the legal dispute began and specifically for trial.

For all the reasons above, plaintiff's proposed Exhibits (P) 9, 10, 11, 12, 13, 14, 15, from its first Schedule H-1, and 24, 25, and 26 from its second Schedule H-1, are inadmissible as hearsay for which no exceptions have been established.

### D.  Other Admissibility and Procedural Defects

In addition to the authenticity, relevance, and hearsay problems described above, plaintiff's Exhibits (P) 9, 10, 11, 12, 13, 14, 15, 24, and 30 from its first Schedule H-1, and Exhibits (P) 8, 24, 25, and 26 from its second Schedule H-1, suffer from additional admissibility and/or procedural defects that make these exhibits inadmissible at trial.

FRE 106 provides that "[i]f a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part—or any other statement—that in fairness ought to be considered at the same time.  The adverse party may do so over a hearsay objection."

FRE 1002 provides that "[a]n original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise."

FRE 1006 provides that a "proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court."  But "Rule 1006 is not a backdoor for admitting otherwise" inadmissible evidence in summary form.  *Alifax Holding SpA v. Alcor Scientific Inc.*, 404 F.Supp.3d 552, 581 (D.R.I. 2019).  The summary's proponent must therefore, among other things, "lay a proper foundation as to the admissibility of the material that is summarized and show that the summary is accurate."  *Needham v. White Labs., Inc.*, 639 F.2d 394, 403 (7th Cir. 1981).  And a summary itself is admissible only if "the witness who prepared it is subject to cross-examination."  *United States v. Fechner*, 952 F.3d 954, 959 (8th Cir. 2020); *accord United States v. Spalding*, 894 F.3d 173, 185 (5th Cir. 2018) ("[Rule 1006]

6

charts are admissible when … the chart preparer is available for cross-examination."); *United States v. Fahnbulleh*, 752 F.3d 470, 479 (D.C. Cir. 2014); *United States v. Bray*, 139 F.3d 1104, 1110 (6th Cir. 1998).

FRE 1006 also requires that the summary's proponent make the underlying documents "available for examination or copying, or both, by other parties at a reasonable time and place." "Common sense dictates that this guaranteed access, designed to give the opponent the ability to check the summary's accuracy and prepare for cross-examination, must include unequivocal notice of the other party's intent to invoke Rule 1006." *Rivera-Davila v. Asset Conservation, Inc.*, 230 F.3d 1378, 2000 WL 27891, at *6 (Fed. Cir. 2000) (unpublished) (quoting *Air Safety, Inc. v. Roman Catholic Archbishop of Boston*, 94 F.3d 1, 8 (1st Cir. 1996)). "Thus, … a party seeking to use a summary under Rule 1006 must identify its exhibit as such, provide a list or description of the documents supporting the exhibit, and state when and where they may be reviewed." *Id.* (quoting *Air Safety, Inc.*, 94 F.3d at 8). "Absent a particularized notice of a summary's contents and the identity of the source material, summary evidence should not be admissible under Rule 1006. This is true even if all the source materials have already been produced." 31 Charles Alan Wright & Victor James Gold, *Federal Practice and Procedure* § 8045 (2d ed. 2022); *United States ex rel. Maris Equip. Co., Inc. v. Morganti, Inc.*, 163 F.Supp.2d 174, 202 (E.D.N.Y. 2001) (admitting a summary despite a proponent's failure to satisfy these requirements would be "a gross abuse of the appropriate utilization of Rule 1006").

Exhibit (P) 8 from plaintiff's second Schedule H-1 is a proposed exhibit of a patent (No. D905,380) belonging to plaintiff that was not produced by plaintiff in discovery. USCIT Rule 37(c)(1) provides in part that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." A

discovery violation, such as failing to produce documents responsive to a request, warrants excluding

the use of those documents as substantive evidence at trial. *See, e.g., Woods v. DeAngelo Marine*

*Exhaust, Inc.*, 692 F.3d 1272, 1279-80 (Fed. Cir. 2012). In *Woods*, the Federal Circuit explained the

discovery obligations under Rule 26 and the propriety of excluding evidence not produced in

compliance with a proper discovery request:

> Rule 26 imposes an obligation on parties to conduct a reasonable
> inquiry into the factual basis of their discovery responses and requires
> that a party who "responded to an interrogatory ... supplement or correct
> its disclosure or response ... in a timely manner if the party learns that in
> some material respect the disclosure or response is incomplete or
> incorrect...." Fed.R.Civ.P. 26(e)(1); *see also id.* 26(b). Indeed, the
> district court has discretion, when circumstances warrant, to exclude
> evidence not produced in compliance with a proper discovery
> request. *See Goodman–Gable–Gould,* 595 F.3d at 1210–13 (affirming
> the district court's exclusion of evidence because statements made
> during a deposition and references to relevant expenses in a discovery
> supplement did not provide notice of the party's theory of liability;
> those disclosures did not constitute a supplement at all); *see
> also Innogenetics, N.V. v. Abbott Labs.*, 512 F.3d 1363, 1375–76 (Fed.
> Cir. 2008) (affirming the district court's exclusion of a prior art patent
> disclosed on the final day of discovery because "the time for depositions
> had passed [and] Abbott had not discussed the Cha patent in an expert
> report, identified it during discovery in response to Innogenetics'
> interrogatories on anticipation, or mentioned it in the final pretrial
> conference").

692 F.3d at 1279-1280; *see also Reyes Canada v. Rey Hernandez*, 233 F.R.D. 238, 241 (D.P.R. 2005)

("the Court concludes that defendants Rey and Pillich incurred in a discovery violation by not

producing the DE–16 forms to plaintiffs. As such, the use of the same as substantive evidence at trial

is hereby precluded."). Here, defendant's first requests for production directed to plaintiff, served on

plaintiff almost two years ago on October 13, 2022, requested at No. 6, "For each imported product,

identify and produce: (a) all patents, patent applications, trademarks, and trademark applications,

including any abandoned or cancelled patents, patent applications, trademarks, or trademark

registrations[.]" *See* Defendant's Exhibit D16. As such, plaintiff's proposed patent is directly

responsive to this discovery request and arrives a year after the close of discovery in September 2023 (see ECF No. 14) and a year and a half after plaintiff's deposition pursuant to Rule 30(b)(6) in March 2023. Therefore, as was the case in *Woods* citing to *Innogenetics*, the time for depositions has long passed and defendant lacked the opportunity to question plaintiff about this document before trial. Nevertheless, even if not excluded, this exhibit is not actually probative of any of the issues for trial, as this patent was granted in December 2020, after The Comfy®'s first entry and handling by Customs in July 2019, so for this separate reason, this document should be excluded.

With respect to Exhibits (P) 9 (photographs of The Comfy® displayed for sale) from its first Schedule H-1, and 24, 25, and 26 (images from websites) from its second Schedule H-1, these exhibits are not probative of any of the issues for trial, as no percipient witness has been identified who took these photographs or provided these websites and images and who could testify to the time, place, manner, and other circumstances related to them. Moreover, these exhibits violate FRE 1002, which requires the original photographs or images to prove their content. Finally, these exhibits also violate FRE 1006, as they appear to be improper summary documents, and do not describe if these are the only photographs of The Comfy® being displayed for sale, if these photographs capture all the places where The Comfy® has ever been displayed for sale, or if these are the only images and websites describing The Comfy®. Plaintiff has further failed to designate these exhibits as summaries, provide a list or description of the documents, photographs, or images underlying these summaries, identify who created the summaries, or disclose as a witness the person who created the summaries.

P10 (Licensing Agreements, Bates Nos. Cozy Comfort 00762-00938) is a proposed exhibit that is not probative of any of the issues for trial because the licensing agreements post-date the beginning of the legal dispute. Further, there is no evidence in the record, or described by any witness identified for trial, showing how the terms of these licensing agreements were chosen, or who

negotiated these contracts.  *See* D10, Def. Mot. Summ. J. Ex. 3 (ECF No. 30-4), Tr. of Depo. of Pl.

Pursuant to Rule 30(b)(6), at 111-113 ("Q So Disney -- can you explain how exactly this description

came to come into the contract. A I can't, no."; Q You said Disney came up with that. Can you say

more? A This is Disney's contract. Q Yes. But that doesn't mean that Disney came up with all the

terms in the contract; correct? A It's their contract. I don't know that."; Q So are you able to say

beyond saying Disney, where did the phrase 'wearable throws for adults and children' stem from? A I

don't know. I'm assuming it came from Disney. Q Okay. So you just don't know. A Right."; "Q Did

you negotiate this contract? A No. Q Who did? A This would have been previous – I'm trying to

think. Would have been another employee. Yeah.").

     With the exception of Cozy Comfort 00944, which is also in defendant's exhibit D26 at page

205, plaintiff's P11 (The Comfy Psychographic Segmentation Study Findings, Bates Nos. Cozy

Comfort 000939-001070) is a proposed exhibit that is not probative of any of the issues at trial.

Moreover, it also violates FRE 1006, as it appears to be an improper summary document, and plaintiff

has further failed to designate this exhibit as a summary, provide a list or description of the documents

underlying this summary, identify who created the summary, or disclose as a witness the person who

created the summary.

     P12 (Photographs from customers, Bates Nos. Cozy Comfort 001075-001174) is a proposed

exhibit that is not probative of any of the issues for trial, as no percipient witness has been identified

who took these photographs and who could testify to the time, place, manner, and other circumstances

related to these photographs.  Further, this exhibit also violates FRE 1002, which requires the

production of the "original" documents or photographs "in order to prove [the] content" of the item.

Finally, this exhibit also violates FRE 1006, as it appears to be an improper summary document, and

plaintiff does not describe if these are the only photographs of The Comfy® related to its use or ability

to provide warmth or protect from varying degrees of cold, or if these photographs are all the

photographs that exist anywhere related to The Comfy®.  Plaintiff has further failed to designate this exhibit as a summary, provide a list or description of the documents or photographs underlying this summary, identify who created the summary, or disclose as a witness the person who created the summary.

P13 (Compilation of customer reviews demonstrating use for protection against extreme cold, *available at* https://thecomfymy.sharepoint.com/:x:/p/ashley/EYsWjNWmZzNFr7n3-vrEiWsB9_f9fahu5dKwqvzVcV0k6A?rtime=hBqEOojG3Eg) is a proposed exhibit that was not produced in discovery.  A discovery violation, such as failing to produce documents responsive to a request, warrants excluding the use of those documents as substantive evidence at trial.  *See* USCIT Rule 37(c)(1); *see also Woods*, 512 F.3d at 1375–76; *Reyes*, 233 F.R.D. at 241.  In addition, it is not probative of any of the issues for trial, as these alleged customer reviews post-date the legal dispute, are incomplete, and cannot be accessed by defendant.  Moreover, it also violates FRE 106, as the remaining or related documents and photographs are not included.  Further, this exhibit also violates FRE 1002, which requires the production of the original documents to prove their content.  Finally, this exhibit also violates FRE 1006, as it appears to be an improper summary document, and does not describe if these are the only customer reviews of The Comfy® related to its ability to provide warmth or protect from varying degrees of cold, or if these reviews are all the reviews that exist anywhere related to The Comfy®.  Plaintiff has further failed to designate this exhibit as a summary, provide a list or description of the documents underlying this summary, identify who created the summary, or disclose as a witness the person who created the summary.

P14 (Amazon customer review demonstrating use for protection against extreme cold) is a proposed exhibit that was not produced in discovery.  A discovery violation, such as failing to produce documents responsive to a request, warrants excluding the use of those documents as substantive evidence at trial.  *See* USCIT Rule 37(c)(1); *see also Woods*, 512 F.3d at 1375–76; *Reyes*,

233 F.R.D. at 241.  In addition, it is not probative of any of the issues for trial, as this alleged customer review post-dates the legal dispute, and one isolated review written by one customer and cherry-picked by plaintiff cannot establish that The Comfy® meaningfully protects from extreme cold.  Finally, it also violates FRE 106, as the remaining or related documents are not included, given that the document indicates there are 1,260 additional "global reviews".

P15 (Cozy Comfort net sales 2018-2022, Bates Nos. Cozy Comfort 001175-001180) is not probative of any of the issues for trial, as some of these net sales post-date the legal dispute and are incomplete.  Further, several of the retailers listed sell apparel, therefore this document cannot establish that The Comfy® is a blanket.  Moreover, this exhibit also violates FRE 106, as the remaining or related documents and photographs are not included.  Further, this exhibit also violates FRE 1002, which requires the original documents to prove their content.  Finally, this exhibit also violates FRE 1006, as it appears to be an improper summary document, and does not describe if these are the only retailers who sell or have sold The Comfy®.

P24 (Expert Report of James Crumley) is a proposed exhibit that violates FRE 702 because plaintiff's proffered expert witness, James Crumley, as evidenced by his unsubstantiated and biased expert report, and further confirmed by his deposition testimony, (1) lacks the expertise to help the trier of fact, (2) has not provided testimony, nor can provide testimony, based on sufficient facts or data, (3) has not provided testimony, nor can provide testimony, that is the product of reliable principles and methods, and (4) has not provided testimony, nor can provide testimony, that reflects a reliable application of the principles and methods to the facts of this case.  *See also* our concurrent motion *in limine* to exclude the expert testimony of Mr. Crumley.  As such, Mr. Crumley's report is highly unreliable and should be inadmissible.  Further, even if his report were to be admitted into evidence, his report is not probative due to the unsubstantiated claims made throughout, the internal inconsistencies of his report, and his failure to review or consider all the evidence in this case.

Moreover, Mr. Crumley's report also violates FRE 703, which "'does not make admissible otherwise inadmissible evidence.'" *Wi-LAN Inc. v. Sharp Elecs. Corp.*, 992 F.3d 1366 (Fed. Cir. 2021) (citing 4 *Weinstein's Federal Evidence* § 703.05 n.12). Because Mr. Crumley's report is based on facts or data that he did not personally observe and which are hearsay, his report is inadmissible for this additional reason. In *Wi-LAN*, the Federal Circuit indicated that the Second Circuit's decision in *United States v. Mejia*, 545 F.3d 179, 197-198 (2d Cir. 2008) was exemplary regarding FRE 703, noting that the Second Circuit explained that the expert in that case "'identified hearsay as the source of much of his information' during cross-examination and 'did not analyze his source materials so much as repeat their contents.'" 992 F.3d at 1374. Thus, the Federal Circuit noted that "the [Second Circuit] held that expert's testimony fell outside the permissible bounds of Rule 703." *Id.* at 1375. Similarly, here, Mr. Crumley testified in his deposition that his expert report relied almost exclusively on information not developed in this action (*i.e.*, hearsay) and which he destroyed (*i.e.*, cannot be admitted). For this additional reason, his expert report violates FRE 703 and is inadmissible.

P30 (Rebuttal Expert Report of James Crumley) is a proposed exhibit that violates FRE 702 because, as explained above regarding P24, plaintiff's proffered expert witness, James Crumley, lacks the expertise and reliability to be qualified as an expert. As such, his rebuttal expert report should also be inadmissible. Further, even if his rebuttal report were to be admitted into evidence, due to the unsubstantiated claims made throughout, the internal inconsistencies of his report, and his failure to consider all the evidence in the record, his rebuttal report is not probative.

## CONCLUSION

For the reasons stated above, the Government respectfully requests that the Court grant its motion *in limine* to preclude plaintiff from using any document or physical exhibit at trial that has not been properly authenticated, has not been shown to satisfy an exception to the hearsay rule, and/or suffers from additional admissibility and/or procedural defects.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

By:    /s/ Justin R. Miller
       JUSTIN R. MILLER
       Attorney-In-Charge
       International Trade Field Office

       /s/ Beverly A. Farrell
       BEVERLY A. FARRELL
       Senior Trial Attorney

*Of Counsel*:                          /s/ Brandon A. Kennedy
Michael Anderson                       BRANDON A. KENNEDY
Office of the Assistant Chief Counsel  Trial Attorney
International Trade Litigation         Civil Division, U.S. Dept. of Justice
U.S. Customs and Border Protection    Commercial Litigation Branch
New York, New York 10278              26 Federal Plaza, Room 346
                                       New York, New York 10278
                                       Tel.: (212) 264-9230
Dated: September 24, 2024             *Attorneys for Defendant*

14

## <u>CERTIFICATE OF COMPLIANCE</u>

I, Brandon A. Kennedy, a trial attorney in the Department of Justice, Civil Division, Commercial Litigation Branch, International Trade Field Office, who is responsible for the foregoing Defendant's Motion *In Limine* to Exclude Plaintiff's Unauthenticated, Hearsay, or Otherwise Inadmissible Exhibits as Trial Evidence, relying upon the word count feature of the word processing program used to prepare the motion, certify that this motion complies with the word count limitation under the Court's chambers procedures, and contains 4,141 words.

<u>/s/ Brandon A. Kennedy</u>
BRANDON A. KENNEDY

**ATTACHMENT A – PLAINTIFF'S FIRST SCHEDULE H-1**

**SCHEDULE H-1**

**EXHIBITS**

**PLAINTIFF'S EXHIBITS**

| **Ex. No.** | **Pg. Nos.** | **Description** |
|---|---|---|
| P1 | N/A | Sample of The Comfy® |
| P2 | 1 | The Comfy® dimensions (Bates No. Cozy Comfort 000197) |
| P3 | 1-11 | Application for trademark (Gov't MSJ, Ex. 14) |
| P4 | 1-3 | Trademark Reg. No. 5,678,126 (Gov't MSJ, Ex. 15) |
| P5 | 1-8 | Cancellation of Trademark Reg. No. 5,678,126 (Gov't MSJ, Ex. 16) |
| P6 | 1-26 | Patent No. 10,420,431 (Gov't MSJ, Ex. 17) |
| P7 | 1-11 | Patent No. D859,788 (Gov't MSJ, Ex. 18) |
| P8 | 1-18 | Patent No. D969,458 (Gov't MSJ, Ex. 19) |
| P9 | 1-23 | Photographs of The Comfy® displayed for sale (Bates Nos. Cozy Comfort 000240-261) |
| P10 | 1-177 | [CONFIDENTIAL] Licensing agreements (Bates Nos. Cozy Comfort 00762-00938) |
| P11 | 1-132 | [CONFIDENTIAL] The Comfy Psychographic Segmentation Study Findings (Bates Nos. Cozy Comfort 000939-001070) |
| P12 | 1-100 | Photographs from customers (Bates Nos. Cozy Comfort 001075-001174) |

| P13 | N/A | Compilation of customer reviews demonstrating use for protection against extreme cold, *available at* https://thecomfy-my.sharepoint.com/:x:/p/ashley/EYsWjNWmZzNFr7n3-vrEiWsB9_f9fahu5dKwqvzVcV0k6A?rtime=hBqEOojG3Eg |
|---|---|---|
| P14 | 1-2 | Amazon customer review demonstrating use for protection against extreme cold |
| P15 | 1-6 | [CONFIDENTIAL] Cozy Comfort net sales 2018-2022 (Bates Nos. Cozy Comfort 001175-001180) |
| P16 | 1-13 | [CONFIDENTIAL] Entry records, Entry No. 9HX-5586673-2 (Pl. Resp. Gov't SOMF, Ex. 11) |
| P17 | 1-3 | [CONFIDENTIAL] CBP Form 29 Notice of Action (March 9, 2020) (Pl. Resp. Gov't SOMF, Ex. 10) |
| P18 | 1-7 | [CONFIDENTIAL] Entry records, Entry No. 442-9233932-0 (Bates Nos. Cozy Comfort 000002-000007) |
| P19 | 1 | [CONFIDENTIAL] Protests and entries in *Cozy Comfort Company, LLC v. United States*, Court No. 22-173 (Protest # 2704-22-160430) (ECF No. 10) |
| P20 | 1-30 | CBP Informed Compliance Publication, Apparel Terminology Under the HTSUS (June 2008) |
| P21 | 1-10 | CBP Headquarters Letter Ruling (HQ) 313594 (May 21, 2021) |
| P22 | 1-213 | Depo. Tr. of Tatiana Matherne |
| P23 | N/A | Sample of the Snuggie® |
| P24 | 1-43 | Exp. Rep. of James Crumley |
| P25 | 1-24 | Exp. Rep. of Patricia Concannon |

| P26 | 1-264 | Depo. Tr. of Patricia Concannon |
|-----|-------|--------------------------------|
| P27 | 1-73  | Ex. Rep. of Mary Ann Ferro |
| P28 | 1-200 | Depo. Tr. of Mary Ann Ferro |
| P29 | 1-2   | Oxford English Dictionary, definition of "blanket," *available at* https://www.oed.com/search/dictionary/?scope=Entries&q=blanket |
| P30 |       | Reb. Ex. Rep. of James Crumley |

**ATTACHMENT B – PLAINTIFF'S SECOND SCHEDULE H-1**

**SCHEDULE H-1**

**EXHIBITS**

**PLAINTIFF'S EXHIBITS**

| Ex. No. | Pg. Nos. | Description |
|---------|----------|-------------|
| P1 | N/A | Sample of The Comfy® |
| P2 | 1 | The Comfy® dimensions (Bates No. Cozy Comfort 000197) |
| P3 | 1-11 | Application for trademark (Gov't MSJ, Ex. 14) |
| P4 | 1-3 | Trademark Reg. No. 5,678,126 (Gov't MSJ, Ex. 15) |
| P5 | 1-8 | Cancellation of Trademark Reg. No. 5,678,126 (Gov't MSJ, Ex. 16) |
| P6 | 1-26 | Patent No. 10,420,431 (Gov't MSJ, Ex. 17) |
| P7 | 1-11 | Patent No. D859,788 (Gov't MSJ, Ex. 18) |
| P8 | 1-12 | Patent No. D905,380 |
| P9 | 1-18 | Patent No. D969,458 (Gov't MSJ, Ex. 19) |
| P10 | 1-23 | Photographs of The Comfy® displayed for sale (Bates Nos. Cozy Comfort 000240-261) |
| P11 | 1-177 | [CONFIDENTIAL] Licensing agreements (Bates Nos. Cozy Comfort 00762-00938) |
| P12 | 1-132 | [CONFIDENTIAL] The Comfy Psychographic Segmentation Study Findings (Bates Nos. Cozy Comfort 000939-001070) |
| P13 | 1-100 | Photographs from customers (Bates Nos. Cozy Comfort 001075-001174) |

| P14 | N/A | Compilation of customer reviews demonstrating use for protection against extreme cold, *available at* https://thecomfy-my.sharepoint.com/:x:/p/ashley/EYsWjNWmZzNFr7n3-vrEiWsB9_f9fahu5dKwqvzVcV0k6A?rtime=hBqEOojG3Eg |
|-----|-----|-----|
| P15 | 1-2 | Amazon customer review demonstrating use for protection against extreme cold |
| P16 | 1-6 | [CONFIDENTIAL] Cozy Comfort net sales 2018-2022 (Bates Nos. Cozy Comfort 001175-001180) |
| P17 | 1-13 | [CONFIDENTIAL] Entry records, Entry No. 9HX-5586673-2 (Pl. Resp. Gov't SOMF, Ex. 11) |
| P18 | 1-3 | [CONFIDENTIAL] CBP Form 29 Notice of Action (March 9, 2020) (Pl. Resp. Gov't SOMF, Ex. 10) |
| P19 | 1-7 | [CONFIDENTIAL] Entry records, Entry No. 442-9233932-0 (Bates Nos. Cozy Comfort 000002-000007) |
| P20 | 1 | [CONFIDENTIAL] Protests and entries in *Cozy Comfort Company, LLC v. United States*, Court No. 22-173 (Protest # 2704-22-160430) (ECF No. 10) |
| P21 | 1-30 | CBP Informed Compliance Publication, Apparel Terminology Under the HTSUS (June 2008) |
| P22 | 1-10 | CBP Headquarters Letter Ruling (HQ) 313594 (May 21, 2021) |
| P23 | 1-2 | Oxford English Dictionary, definition of "blanket," *available at* https://www.oed.com/search/dictionary/?scope=Entries&q=blanket |

| P24 | 1 | Image of The Comfy® marketed in the Walmart Home; Bedding; Blankets section (Ferro Depo., Exhibit 5) |
| P25 | 1 | Image of The Comfy® marketed in the Target Home; Home Decor; Throw Blankets section (Ferro Depo., Exhibit 5) |
| P26 | 1 | Image of The Comfy® marketed in the Amazon Wearable Blankets section (Ferro Depo., Exhibit 5) |
| P27 | N/A | Sample of the Snuggie® |
| P28 | 1-43 | Exp. Rep. of James Crumley |
| P29 | 1-24 | Exp. Rep. of Patricia Concannon |
| P30 | 1-73 | Exp. Rep. of Mary Ann Ferro |
| P31 | 1-7 | Reb. Exp. Rep. of James Crumley |
| P32 | 1-10 | Reb. Exp. Rep. of Patricia Concannon |
| P33 | 1-34 | Reb. Exp. Rep. of Mary Ann Ferro |