# UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. STEPHEN ALEXANDER VADEN, JUDGE

| | |
|---|---|
| COZY COMFORT COMPANY LLC, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | Court No. 22-00173 |

### PLAINTIFF COZY COMFORT COMPANY LLC'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE THE EXPERT TESTIMONY OF MR. JAMES CRUMLEY

I.      **INTRODUCTION**

Pursuant to Fed.R.Evid. 702, Cozy Comfort Company LLC ("Plaintiff") hereby opposes Defendant's Motion *in Limine* to Exclude the Expert Testimony of Mr. James H. Crumley. (ECF Doc. 62, hereinafter "Motion".) As an initial matter, despite the Motion's primary subject header ("*Mr. Crumley Does Not Qualify As An Expert*"), Defendant does not at all dispute Mr. Crumley's qualifications. In fact, Defendant spends considerable time detailing Mr. Crumley's extensive garment and textile design experience. Mot. at 3 ("Mr. Crumley has experience in garment and outdoor textile design. His foray into garment design and product development began with exploring how to put his own designs/patterns onto fabric materials . . .. He has been involved in the garment and outdoor textile design industry.").

As such, Defendant misapprehends the purpose of a motion *in limine* and does nothing more than preview its cross-examination (and closing argument) talking points. "It is not the court's role under *Daubert* to evaluate the correctness of facts underlying an expert's testimony." United States v. Univar USA Inc., 294 F.Supp.3d 1314, 1332 (Ct. Int'l Trade 2018); see also United States v. 14.38 Acres of Land Situated in Leflore County, Mississippi, 80 F.3d 1074, 1078 (5th Cir. 1996) ("[T]he trial court's role as gatekeeper is not intended to serve as a replacement for the adversary system.").

Indeed, the Supreme Court specifically explained that "vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking" expert testimony. Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 596 (1993). Defendant's Motion nevertheless fails to advance any salient argument with respect to Mr. Crumley's *admissibility*.

At the September 19, 2024, Pre-trial Conference, the Court cautioned the parties on the real purpose of evidentiary motions. See September 19, 2024, Pre-Trial Conference Transcript (Exhibit A), 32:7–32:12 ("And so, you know, I just caution the Government that if it were the case that we could exclude people's testimony because they had allegedly said something inconsistent in the past, we really wouldn't need trials because no one would be allowed to testify.").

Ignoring this warning, Defendant's Motion discusses irrelevant issues and misrepresents Mr. Crumley's testimony and familiarity with the subject matter of this case. Despite Defendant's assertions, Mr. Crumley is not only the most experienced expert who will testify at trial, but also the *only* expert in this case who has ever been qualified by a Federal Court to testify on garment design. See Top Brand LLC v. Cozy Comfort Company, LLC, Case No. 21-cv-00597-PHX-SPL (D. Ariz) ("Top Brands Case"), Dkt. 311 (Exhibit B); see also Top Brands Case,

November 6, 2023, Pre-Trial Conference Transcript (Exhibit C), 20:3–8 ("The correct method for attacking James Crumley's method is to cross-examine him . . . While his methodology may go to the weight accorded to his testimony, the disagreement as to the methodology does not warrant exclusion under Daubert.").

Moreover, at minimum, Mr. Crumley will assist this Court by testifying to educate the factfinder on principles of garment design, including garment construction and materials. His testimony, which he is qualified to render: (1) is applicable to the merchandise at issue and directly addresses the relevant subject matter; (2) will assist the Court in drawing reasonable inferences to decide the ultimate issues in this case; and (3) is reliable, especially on the topic of textile materials used in cold environments.

Indeed, contrary to Defendant's claims, Mr. Crumley examined the documents presented in this case and the merchandise at issue. Unlike Defendant's proposed experts, he was already intimately familiar with The Comfy® so he did not need to review additional background materials as much as Defendant's witnesses did. His examination of The Comfy® and review of its materials and properties, along with his existing familiarity with The Comfy®, readily helped form the basis of his expert conclusions that The Comfy® can protect users in extreme cold conditions and is not primarily designed or used as a pullover garment.

Accordingly, Plaintiff respectfully requests that the Court deny Defendant's Motion *in Limine* to Exclude the Expert Testimony of Mr. James H. Crumley (Doc. 62).

## II. ARGUMENT

### A. Defendant's Motion should be denied for being impermissibly premised on the weight to be accorded to Mr. Crumley's testimony.

"[F]or an expert witness's testimony to be admissible, it must be reliable, relevant, and helpful to the trier of fact." Univar, 294 F. Supp. 3d at 1334 (quoting G.G. Marck & Assocs., Inc. v. United States, Slip Op. 15–62, 2015 WL 3757040, *9 (CIT June 17, 2015)). However, the post-*Daubert* amendments to Rule 702 were "not intended to provide an excuse for an automatic challenge to the testimony of every expert." Fed.R.Evid. 702, advisory committee's note to 2000 amendments (citing Kumho Tire Co. v. Carmichael, 119 S.Ct. 1167, 1176 (1999) (noting that courts have discretion "both to avoid unnecessary 'reliability' proceedings in ordinary cases where the reliability of an expert's methods is properly taken for granted, and to require appropriate proceedings in the less usual or more complex cases where cause for questioning the expert's reliability arises.").

One example of an unnecessary "reliability" proceeding is one focused on the weight of an expert's testimony, rather than its admissibility. Univar, 294 F.Supp.3d

at 1332 (finding that "disagreements" on an expert's "reliance, in part, on certain documents produced in evidence go to the weight rather than admissibility of his testimony, and Defendant will have the opportunity to cross-examine [the expert] with respect to his reliance on certain pieces of evidence with which [it] disagrees."). This is especially true "[w]hen facts are in dispute" between the parties and where, as here, experts "reach different conclusions based on competing versions of the facts." Fed.R.Evid. 702, advisory committee's note to 2000 amendments (noting that the trial court is not authorized "to exclude an expert's testimony on the ground that the court believes one version of the facts and not the other.").

Defendant's Motion should be denied for being entirely premised on the weight to be accorded to Mr. Crumley's testimony rather than his qualifications as an expert in garment design. For example, Defendant alleges that Mr. Crumley has been inconsistent in how he refers to The Comfy®. Mot. 4, 9, 11. Specifically, Defendant asserts that Mr. Crumley's testimony should be excluded because, in different contexts, he referred to The Comfy® as both "garment and "blanket" interchangeably. Id. Likewise, Defendant challenges Mr. Crumley's consideration of the 2023 Snuggie®,[1] and worse, misrepresents his recollection of documents in

---

[1] Likewise, Defendant's arguments with respect to the Snuggie® 'copyright' years are unsupported. Defendant has not asserted that a 2023 Snuggie® is classified any differently under the tariff schedule than a 2009 Snuggie®. Accordingly, any suggestion that Mr. Crumley's

the record. Id. Indeed, at his deposition, Mr. Crumley repeatedly confirmed that he reviewed documents in the record:

> Q. You didn't consider photograph showing where the product is displayed in stores?
> A. **I reviewed it**, but I already seen it.
> Q. You testified before that you considered those, documented it and in your report it states that you considered the document in Exhibit B?
> A. **I reviewed them**, yes.
> Q. Does your report state that you considered them?
> A. **Yes.**
> Q. So you did consider marketing materials?
> A. **Yes.**

August 5, 2024, Dep. of James Crumley (Ex. D), 110:11–111:10 (emphasis added).

None of these are proper grounds for a motion *in limine*. For this reason alone, the Motion should be denied.

### B. Mr. Crumley's expert testimony will assist the Court.

The post-*Daubert* amendments to Rule 702 did not "alter the venerable practice of using expert testimony to educate the factfinder on general principles." Fed. R. Evid. 702 (advisory committee's note to 2000 amendments). "For this kind of generalized testimony, Rule 702 simply requires that: (1) the expert be qualified; (2) the testimony address a subject matter on which the factfinder can be assisted by an expert; (3) the testimony be reliable; and (4) the testimony 'fit' the facts of the

---

analysis is unreliable for referring to the 2023 Snuggie® instead of the 2009 Snuggie® is incorrect.

case." Id. ("[T]he expert is viewed, not in a narrow sense, but as a person qualified by knowledge, skill, experience, training or education"). See also Univar, 294 F. Supp. 3d at 1328 (noting that the Daubert factors "neither necessarily nor exclusively applies to all experts or in every case.").

Mr. Crumley satisfies each of these factors. Mr. Crumley's CV is extensive. Mr. Crumley has had a decades-long career in the garment and outdoor textile design industry and has been a designer and consultant for companies and brands such as Carhartt, Columbia, Dickies, Cabela's, L.L. Bean, Bass Pro Shops, Wal-Mart, and K-Mart. Ex. D, Dep. of J. Crumley, 40:1–14; 193:7–194:7. Mr. Crumley is also the inventor of Trebark®, the first ever commercial camouflage, and was the President and chief garment designer of Trebark® Camouflage Company for many years. Id. at 36:9–38:3. Mr. Crumley's experience is directly on point given that his own designs include blankets, lightweight jackets, insulated jackets, and parkas. Id. at 52:1–53:17; 162:1–20.

In addition, Mr. Crumley testified that he has designed garments for protection from extreme cold, and textiles that fit loosely on the human body. Id. at 176:25–177:3; 215:11–15 ("Q. In general, are you aware of products, such as jackets or parkas that use down for protection from extreme cold? A. Yes, we design and make some. . . . Q. And did those loose garments that you designed previously protect the

customers from extreme cold? A. Some were meant to, others were not."). Clearly, Mr. Crumley is not the kind of litigation expert who develops an opinion expressly to testify. Rather, unlike any of Defendant's experts, Mr. Crumley has researched, designed, and used blankets and garments, including in extremely cold conditions, over a long career in the industry. See Fed. R. Evid. 702 (advisory committee's note to 2000 amendments) (quoting Daubert v. Merrell Dow Pharmaceuticals, Inc., 43 F.3d 1311, 1317 (9th Cir. 1995) (noting that a reliability factor to consider is whether an expert is "proposing to testify about matters growing naturally and directly out of research they have conducted independent of the litigation, or whether they have developed their opinions expressly for purposes of testifying")).

Accordingly, Mr. Crumley's testimony directly addresses the subject matter on which this Court seeks assistance. His reliance on decades of garment design experience and his expertise in designing textiles for the extreme cold makes his testimony even more reliable and befitting the specific circumstances of this case. See Univar, 294 F.Supp.3d at 1330 (rejecting defendant's motion *in limine* and finding "a nexus between [the expert's] credentials and the subject matter of his testimony.").

### C. Mr. Crumley's analysis and conclusions are reliable in this case.

The U.S. Court of International Trade has previously noted that the *Daubert*

factors "neither necessarily nor exclusively applies to all experts or in every case." Univar, 294 F. Supp. 3d at 1328 (citing Kumho Tire, 526 U.S. at 141). In fact, "[t]he inquiry envisioned by Rule 702 is . . . a flexible one, Daubert, 509 U.S. at 594, and the trial judge has broad latitude when deciding how to determine reliability." Id.; see Kumho Tire, 526 U.S. at 152. "Because it is usually impossible to subject nonscientific theories to experimentation," the court "should concentrate on the expert's experience, rather than methodology." Id. (quoting Amco Ukrservice & Prompriladamco v. Am. Meter Co, No. CIV.A.00-2638, 2005 WL 1541029, at *2 (E.D. Pa. June 29, 2005)). Ultimately, there are no bright-line exclusionary rules or dispositive factors when assessing reliability. See Heller v. Shaw Industries, Inc., 167 F.3d 146, 155 (3d Cir. 1999) (noting that expert testimony should be evaluated "practically and flexibly without bright-line exclusionary (or inclusionary) rules").

*First*, Defendant does not bother to challenge the fact that Mr. Crumley's extensive experience provides him with the requisite specialized knowledge to render his opinions. Rather, Defendant seemingly argues over nearly its entire motion that the Court cannot consider Mr. Crumley's wealth of experience in finding him reliable. Mot. 4–8.

Yet, Defendant's argument is expressly rejected in the Advisory Committee notes to Rule 702's post-*Daubert* amendments: "**Nothing** in this amendment is

intended to suggest that experience alone—or experience in conjunction with other knowledge, skill, training or education—may not provide a sufficient foundation for expert testimony. **To the contrary**, the text of Rule 702 **expressly** contemplates that an expert may be qualified on the basis of experience. In certain fields, **experience is the predominant, if not sole**, basis for a great deal of reliable expert testimony." Fed. R. Evid. 702 (advisory committee's note to 2000 amendments) (emphasis added) (citing cases).

Regardless, Mr. Crumley's testimony does not rest solely on his personal experience, extensive as it may be. For example, throughout his deposition, Mr. Crumley used his technical expertise in the textile industry to assist Defendant in understanding the relationship between textile materials and trapping heat:

> Q. What happens if one wears a jacket that is too big, can air get in too easily?
> A. Actually, the human body would heat the air.

Ex. D, Dep. of J. Crumley, 158:17–22.

> A. Loose fitting garments of the proper construction help trap air between the garment and the human body and that air is heated by the human body.

Id. at 159:15–18.

> Q. How does down compare it to micro fleece?
> A. Depends on how down is constructed. It has to be puffed or in a puff situation in order to trap air that can be heated.

Id. at 176:20–24.

> Q. And why is it relevant?
> A. The fabrics, in my opinion, are what help protect it from extreme cold.

Id. at 105:11–13.

> Q. Is the ability to pull the knees into the chest an important feature of the Comfy?
> A. Yes.
> Q. How so?
> A. It allows the body to heat trapped air.
> Q. Does this feature affect whether the Comfy protects from extreme cold?
> A. Yes.

Id. at 213:23–214:9.

Defendant does not challenge Mr. Crumley's textile-based understanding and method for determining whether a product protects from extreme cold. See Univar, 294 F.Supp.3d at 1332 ("Notably, Defendant does not cite any authority that outlines best practices for economic analysis to challenge the methods used by Dr. McFarland"); see, e.g., Tyus v. Urban Search Management, 102 F.3d 256 (7th Cir. 1996) (highlighting that the *Daubert* factors do not neatly apply to a sociologist's expert testimony).

*Second*, Defendant's repeated criticisms of Mr. Crumley's experience in the other litigation are baseless. The purpose of an expert is to assist the trier of fact. Defendant cannot rationally argue that Mr. Crumley's extensive review and analysis

of The Comfy® Original over the last several years for multiple cases makes him *less* reliable. It certainly does not make him less helpful to the Court than if he had only just discovered The Comfy® solely to testify in this matter, as is the case with both of Defendant's purported "experts."

In fact, Mr. Crumley's years-long familiarity with The Comfy® as a qualified expert could only aid the factfinder. In both litigations, Mr. Crumley relied on his skills, knowledge, and expertise to examine The Comfy® Original. In this case, he reviewed the subject merchandise and examined the documents in the record when forming his conclusions. That the merchandise and certain documents in this case overlapped with those in the other does not disqualify Mr. Crumley, and Defendant cites no authority in support of its proposition that it should. Accordingly, Mr. Crumley's testimony is reliable and admissible, and would assist the Court.

## III. CONCLUSION

For the foregoing reasons, Cozy respectfully requests that the Court deny Plaintiffs' Motion *in Limine* to Exclude the Expert Testimony of Mr. James H. Crumley.

DATED: October 1, 2024

          */s/ Christopher J. Duncan*
Christopher J. Duncan
Elon Pollack
**STEIN SHOSTAK SHOSTAK POLLACK & O'HARA, LLP**
865 S. Figueroa St., Suite 1388
Los Angeles, California 90017
Telephone: (213) 630-8888
cduncan@steinshostak.com

Gregory P. Sitrick
Isaac S. Crum
Sharif S. Ahmed
**MESSNER REEVES LLP**
7250 N. 16th St., Suite 410
Phoenix, Arizona 85020
Telephone: (602) 457-5059
Facsimile: (303) 623-0552
gsitrick@messner.com
icrum@messner.com
sahmed@messner.com

**ATTORNEYS FOR PLAINTIFF COZY COMFORT COMPANY, LLC**

## CERTIFICATE OF COMPLIANCE

I, Christopher J. Duncan, hereby certify that the foregoing brief complies with the word count limitation and contains 2,632 words. Chambers Procedures 2(B)(2).

　　　　　　　　　　　　　　　　　　　*/s/ Christopher J. Duncan*
　　　　　　　　　　　　　　　　　　　Christopher J. Duncan