# UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: HON. STEPHEN ALEXANDER VADEN, JUDGE

| | |
|---|---|
| COZY COMFORT COMPANY, LLC, : | |
| : | |
| Plaintiff, : | |
| : | Court No. 22-00173 |
| v. : | |
| : | |
| UNITED STATES, : | |
| : | |
| Defendant. : | |

## ORDER

Upon consideration of plaintiff's motion *in limine* to exclude the testimony of defendant's witness Renee Orsat; and upon consideration of defendant's response in opposition thereto and other papers and proceedings had herein, it is hereby

**ORDERED** that plaintiff's motion be, and hereby is, denied; and it is further

**ORDERED** that Ms. Renee Orsat shall be permitted to present testimony on behalf of defendant at trial.

                                                                                  JUDGE

Dated: _____

New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: HON. STEPHEN ALEXANDER VADEN, JUDGE

| | |
|---|---|
| COZY COMFORT COMPANY, LLC, | : |
| Plaintiff, | : |
| v. | : Court No. 22-00173 |
| UNITED STATES, | : |
| Defendant. | : |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION *IN LIMINE* TO EXCLUDE THE TESTIMONY OF MS. RENEE ORSAT**

Defendant, United States (the Government) respectfully submits this memorandum in opposition to plaintiff's, Cozy Comfort Company, LLC (Cozy Comfort), motion *in limine* to exclude the testimony of defendant's witness Ms. Renee Orsat. For the reasons that follow, we show that Ms. Orsat will provide testimony as a percipient witness to certain events pertinent to the issues in this action. Her testimony is relevant and does not encroach on the Court's *de novo* review, does not constitute expert testimony, and will not disclose any information subject to the deliberative process privilege previously asserted by the Government, which privilege has not been waived. Accordingly, plaintiff's motion should be denied.

## BACKGROUND

The Court is familiar with the background of this case, which concerns the proper classification of plaintiff's subject merchandise, The Comfy®. *See* ECF No. 48, Court's Order dated June 18, 2024. Plaintiff maintains that The Comfy® is not classifiable as a pullover, sweatshirt, or similar article under heading 6110, HTSUS. *See id.* at 1. The Government maintains that the physical features, design, use, and marketing of The Comfy® show that it meets

2

the definitions of pullover and sweatshirt, or that it is otherwise a similar article of heading 6110, HTSUS.  *See id.* at 1-2.

## ARGUMENT

I. **THE COURT SHOULD DENY PLAINTIFF'S MOTION TO EXCLUDE THE TESTIMONY OF DEFENDANT'S TRIAL WITNESS, MS. RENEE ORSAT**

In its Schedule G-2, ECF No. 52 at 59 of 92, defendant listed Ms. Renee Orsat as a trial witness for defendant and specifically stated:

> Ms. Orsat will testify as to her responsibilities generally and as they apply to this matter.  Ms. Orsat will also testify as to her review of plaintiff's submissions concerning the classification of the subject merchandise and her review of the physical sample of the subject merchandise.  She will also testify as to plaintiff's prior protests concerning the same subject merchandise.  Finally, she will testify that, based on her knowledge of the product and its features, it functions as a garment and lacks the features to protect from extreme cold.

As reflected in this description, the Government intends to elicit testimony from Ms. Orsat as a percipient witness.  However, plaintiff objects to this testimony because it believes that Ms. Orsat's testimony would (i) encroach upon the Court's *de novo* review; (ii) be irrelevant; (iii) provide expert testimony; and (iv) delve into matters subject to the Government's assertion of the deliberative process privilege.  For the following reasons, plaintiff is wrong.

    **A.**    **Ms. Orsat's Testimony Is Relevant And Will Not Encroach On The Court's *De Novo* Review**

"Relevance under the [Federal Rules of Evidence] is a low threshold, easily satisfied. 'Evidence is relevant if: (a) it has *any tendency* to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.'" *United States v. Gramins*, 939 F.3d 429, 450 (2d Cir. 2019) (quoting Fed. R. Evid. 401)

(emphasis in original); *see also United States v. McVeigh*, 153 F.3d 1166, (10th Cir. 1998). Indeed, the Advisory Committee Notes to Fed. R. Evid. 401 explain that "[e]vidence which is essentially background in nature can scarcely be said to involve disputed matter, yet it is universally offered and admitted as an aid to understanding." Also, "[t]he fact to be proved may be ultimate, intermediate, or evidentiary." Fed. R. Evid. 401, Adv. Comm. Notes. Further, evidence is defined as "[a]ll the means by which any alleged matter of fact, the truth of which is submitted to investigation, is established or disproved." *Forshey v. Principi*, 284 F.3d 1335, 1358 (Fed. Cir. 2002) (quoting Black's Law Dictionary 555 (6th ed.1990)). Indeed, the absence of a record, where such a record should exist, may constitute admissible evidence. *See AZ v. Shinseki*, 731 F.3d 1303, 1315 (Fed. Cir. 2013);[1] *see also* Fed. R. Evid. 803(7).

Here, Ms. Orsat is a percipient witness to the background of plaintiff's importation of the subject merchandise and the positions taken by plaintiff in describing and classifying its merchandise at importation and during its protests along with any documents and/or samples submitted.[2] This information satisfies the low threshold for relevant evidence.

---

[1] *AZ*, 731 F.3d at 1317 n.11:

> While the absence of a record is "probably not hearsay as defined in" the general hearsay rule, its inclusion under the rubric of hearsay exceptions establishes that regardless of its hearsay status, the "[f]ailure of a record to mention a matter which would ordinarily be mentioned is satisfactory evidence of its nonexistence," thereby "set[ting] the question at rest in favor of admissibility" of such evidence. *See* Fed. R. Evid. 803(7) & advisory committee's note (1972) (emphasis added); *see also United States v. Rich*, 580 F.2d 929, 937–38 (9th Cir. 1978) (stating that Rules 803(7) and 803(10) "resolved the issue" of admissibility by "treat[ing] evidence of the absence of entries ... as an exception to the hearsay rule").

[2] Plaintiff's contention that protests relating to other designs of The Comfy® are not the same merchandise is of no moment. Modifications to The Comfy Original® that produce an article virtually identical to the one covered by the entry at issue are pertinent to understanding the true nature of the imported merchandise.

Plaintiff also suggests that Ms. Orsat's testimony will somehow encroach on the Court's *de novo* review of the proper classification for The Comfy®. ECF 60 at 10-12. On this point, plaintiff argues that testimony from Ms. Orsat explaining that The Comfy® functions as a garment and lacks the features to protect from extreme cold would be duplicative and prejudicial. *Id*. at 11. Plaintiff is wrong. As a percipient witness, Ms. Orsat's testimony would reflect the kinds of conclusions that any normal person could draw if they had perceived the same things as Ms. Orsat.[3] Further, plaintiff misconstrues Ms. Orsat's testimony as going to the final determination of "whether the Comfy protects from 'extreme cold.'" *Id.* But this is not how Ms. Orsat's testimony is described. Instead, she will testify that the garment lacks features that are generally associated with protection from extreme cold.

Her testimony will in no way encroach on the Court's role as a *de novo* factfinder. The Court would simply receive the testimony, give it the weight the Court believes is due, and then reach its determination in accordance with 28 U.S.C. § 2640 (a)(1).[4]

**B.     Ms. Orsat Is Not Being Offered As An Expert**

As with its other misapprehensions as to the role that Ms. Orsat will play at trial, plaintiff erroneously believes that Ms. Orsat is being offered to provide expert testimony. ECF 60 at 12-14. Plaintiff argues that any testimony from Ms. Orsat that the Comfy® "'lacks the

---

[3] Ms. Orsat was listed in the Government's CIT Rule 26 disclosures as a witness likely to have discoverable information that we may use to support our claims or defenses because she assisted with reviewing plaintiff's lead protest. Attachment A. Plaintiff did not depose Ms. Orsat.

[4] Section 2640(a)(1) provides:

(a) The Court of International Trade shall make its determinations upon the basis of the record made before the court in the following categories of civil actions:
  (1) Civil actions contesting the denial of a protest under section 515 of the Tariff Act of 1930.

features to protect from extreme cold' and that it belongs in its present classification" constitutes expert testimony. ECF 60 at 13. Again, plaintiff is wrong.

First, Ms. Orsat has not been tendered to offer testimony that The Comfy® belongs in its present classification. *See* Schedule G-2. Instead, Ms. Orsat is being offered as a percipient witness. The fact that her percipient knowledge arises from her employment as the National Import Specialist for heading 6110, does not convert her into an expert witness or her testimony into expert testimony. Indeed, the 2000 Committee Notes to Fed. R. Evid. 701 in discussing the section (c)[5] amendment to Rule 701 acknowledge:

> The amendment does not distinguish between expert and lay *witnesses*, but rather between expert and lay *testimony*. Certainly it is possible for the same witness to provide both lay and expert testimony in a single case. *See, e.g., United States v. Figueroa-Lopez*, 125 F.3d 1241, 1246 (9th Cir. 1997) (law enforcement agents could testify that the defendant was acting suspiciously, without being qualified as experts; however, the rules on experts were applicable where the agents testified on the basis of extensive experience that the defendant was using code words to refer to drug quantities and prices). The amendment makes clear that any part of a witness' testimony that is based upon scientific, technical, or other specialized knowledge within the scope of Rule 702 is governed by the standards of Rule 702 and the corresponding disclosure requirements of the Civil and Criminal Rules.
>
> The amendment is not intended to affect the "prototypical example[s] of the type of evidence contemplated by the adoption of Rule 701 relat[ing] to the appearance of persons or things, identity, the manner of conduct, competency of a person, degrees of light or

---

[5] Fed. R. Evid. 701 provides:

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
>
> (a) rationally based on the witness's perception;
> (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
> (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

> darkness, sound, size, weight, distance, and an endless number of items that cannot be described factually in words apart from inferences." *Asplundh Mfg. Div. v. Benton Harbor Eng'g*, 57 F.3d 1190, 1196 (3d Cir. 1995).
>
> For example, most courts have permitted the owner or officer of a business to testify to the value or projected profits of the business, without the necessity of qualifying the witness as an accountant, appraiser, or similar expert. *See, e.g., Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153 (3d Cir. 1993) (no abuse of discretion in permitting the plaintiff's owner to give lay opinion testimony as to damages, as it was based on his knowledge and participation in the day-to-day affairs of the business). Such opinion testimony is admitted not because of experience, training or specialized knowledge within the realm of an expert, but because of the particularized knowledge that the witness has by virtue of his or her position in the business. The amendment does not purport to change this analysis.

"[T]he line between expert testimony under FED. R. EVID. 702 . . . and lay opinion testimony under FED. R. EVID. 701 . . . is not easy to draw," *United States v. Ayala–Pizarro*, 407 F.3d 25, 28 (1st Cir. 2005)." *Kahrs Int'l, Inc. v. United States*, 33 C.I.T. 1297, 1302 (2009). "However, many Courts have permitted specialized opinion testimony without first qualifying the witness as an expert, because 'the particularized knowledge that the witness has [is derived] by virtue of his or her position in the business.'" *Kahrs*, 33 C.I.T. at 1302 (quoting Fed. R. Evid. 701, Adv. Comm's Notes and listing cases). In *Kahrs*, this Court permitted the testimony and declarations of an import specialist and national import specialist at summary judgment because they had personal knowledge about wood and wood products. *Id.* at 1302-03.

Here, Ms. Orsat's testimony is based on her percipient knowledge of plaintiff's imported merchandise and its submissions to CBP and her opinions as to that merchandise arise from particularized knowledge she has gained through her employment. This is the type of lay opinion testimony contemplated by Fed. R. Evid. 701. Of course, were Ms. Orsat to seek to provide an opinion based on her expertise as the National Import Specialist for heading 6110 of

7

the Harmonized Tariff Schedule of the United States that the merchandise is properly classified under heading 6110, specifically subheading 6110.30.30, HTSUS, then the line between lay and expert testimony would be much easier to draw.

Accordingly, plaintiff's argument that Ms. Orsat's proffered testimony is expert testimony should be rejected.

### C. Ms. Orsat's Testimony Will Not Include Information Subject To The Deliberative Process Privilege Asserted By The Government

"The deliberative process privilege rests on the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news, and its object is to enhance the quality of agency decisions by protecting open and frank discussion among those who make them within the Government." *Dep't of Interior v. Klamath Water Users Prot. Ass'n.*, 532, U.S. 1, 8-9 (2001) (internal quotations and citations omitted). The Government has identified the communications subject to the deliberative process privilege with specificity. *See* ECF 60-1 at 8-34. While we agree with the proposition that no privilege may be used as a shield and a sword, *see* ECF 60 at 5-6, plaintiff's argument that we intend to use the deliberative process privilege in that manner rests on unfounded speculation and is contrary to the Government's actions throughout this litigation. The Government has consistently and robustly maintained its assertion of this privilege and intends to do so at trial.[6]

Plaintiff claims that the Government "intends to call Ms. Orsat to testify about The Comfy® Original's classification and the CBP deliberations with which she was involved, as well as the advice she rendered to CBP as to the current protest." ECF 60 at 6. Plaintiff is

---

[6] CBP's official position as to the classification of the Comfy® Original is reflected in HQ H313594. Pl. Trial Ex. 19.

8

incorrect. As noted above, in Schedule G-2, ECF No. 52 at 59 of 92, the Government has not stated, let alone suggested, that Ms. Orsat will reveal information for which we have asserted the deliberative process privilege. Instead, Ms. Orsat will testify as a percipient witness with knowledge about plaintiff's importations of the subject merchandise, plaintiff's protests, and the imported merchandise itself.

Accordingly, plaintiff's deliberative process privilege argument should be rejected.

## CONCLUSION

For the foregoing reasons, Ms. Orsat should be permitted to testify and plaintiff's motion *in limine* to exclude her testimony should be denied.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

By: /s/ Justin R. Miller
JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

/s/ Beverly A. Farrell
BEVERLY A. FARRELL
Senior Trial Attorney

/s/ Brandon A. Kennedy
BRANDON A. KENNEDY
Trial Attorney
Civil Division, U.S. Dept. of Justice
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, New York 10278
Tel.: (212) 264-9230

Dated: October 1, 2024                              *Attorneys for Defendant*

# CERTIFICATE OF COMPLIANCE

I, Beverly A. Farrell, a senior trial attorney in the Department of Justice, Civil Division, Commercial Litigation Branch, International Trade Field Office, who is responsible for the foregoing Defendant's Response in Opposition to Plaintiff's Motion *In Limine* to Exclude the Testimony of Renee Orsat, relying upon the word count feature of the word processing program used to prepare the memorandum, certify that this memorandum complies with the word count limitation under the Court's chambers procedures, and contains 2,353 words.

/s/ Beverly A. Farrell
BEVERLY A. FARRELL

# ATTACHMENT A

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. STEPHEN ALEXANDER VADEN, JUDGE

| | | |
|---|---|---|
| COZY COMFORT COMPANY, LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Court No. 22-00173 |
| v. | : | |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |

# **DEFENDANT'S RULE 26 DISCLOSURES**

Pursuant to United States Court of International Trade Rule 26(a)(1), defendant, United States discloses the following:

1. The name and, if known, the address and telephone number of each individual likely to have discoverable information that the United States may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.

The Government identifies the following individuals:

Kimberly Wachtel, National Import Specialist (NIS), National Commodity Specialist Division, Office of Trade, U.S. Customs and Border Protection, Euless, TX. NIS Wachtel is responsible for Heading 6301 and assisted with reviewing plaintiff's lead protest.

Renee Orsat, NIS, National Commodity Specialist Division, Office of Trade, U.S. Customs and Border Protection, Los Angeles, CA. NIS Orsat is responsible for Heading 6110 and assisted with reviewing plaintiff's lead protest.

Joy S. Davies, Import Specialist (IS), U.S. Customs and Border Protection, El Paso, TX. IS Davies issued the CF28 and CF29 and recommended denial of plaintiff's protest.

Karen Matei, Supervisory Import Specialist (SIS), U.S. Customs and Border Protection, Rosemont, IL. SIS Matei reviewed and denied plaintiff's protest.

Tatiana Salnik Matherne, Attorney Advisor (AA), Regulations and Rulings, Office of Trade, U.S. Customs and Border Protection, Washington, DC. AA Matherne drafted ruling HQ H313594.

2.	A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.

    The Government identifies HQ H313594, which is not being produced with this disclosure as it is publicly available on U.S. Customs and Border Protection's (CBP) website.

    The Government also identifies the documents in the Court jackets as well as the documents comprising CBP's Rule 73.1 submission filed with the Court in this case. We are not producing these as they are available to plaintiff through the Clerk of the Court and/or on the Court's Case Management/Electronic Case Files (CM/ECF) system. We also note that a product sample which may be a similar good to what is at issue in this case was submitted to the Court in a related case, Court No. 21-00404, which has been dismissed, but that product sample has not been returned to the Government.

3.	A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under USCIT R. 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

    Not applicable.

4.	Any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

    Not applicable.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

By:	/s/ Edward F. Kenny
EDWARD F. KENNY
Senior Trial Counsel

|  |  |
|---|---|
| Dated: September 21, 2022 | /s/ Brandon A. Kennedy<br>BRANDON A. KENNEDY<br>Trial Attorney<br>Department of Justice, Civil Division<br>Commercial Litigation Branch<br>26 Federal Plaza, Room 346<br>New York, New York 10278<br>Tel.: (212) 264-0483 or 9230<br>*Attorneys for Defendant* |

# CERTIFICATE OF SERVICE BY EMAIL

      I, BRANDON A. KENNEDY, certify that I am a Trial Attorney in the office of the Assistant Attorney General, Civil Division, Commercial Litigation Branch, International Trade Field Office, with offices located at 26 Federal Plaza, New York, NY 10278, and that on September 21, 2022, on behalf of the United States, defendant herein, I caused the annexed disclosures in Court No. 22-00173 to be served upon:

Christopher J. Duncan, Esq.<br>
Stein Shostak Shostak Pollack & O'Hara, LLP<br>
865 S. Figueroa St., Suite 1388<br>
Los Angeles, CA 90017<br>
cduncan@steinshostak.com

attorneys for plaintiff herein, by email.

                                                            /s/ Brandon A. Kennedy<br>
                                                            BRANDON A. KENNEDY