**UNITED STATES COURT OF INTERNATIONAL TRADE**
BEFORE: HON. STEPHEN ALEXANDER VADEN, JUDGE

| | |
|---|---|
| COZY COMFORT COMPANY LLC, | Court No. 22-00173 |
| Plaintiff, | |
| v. | |
| UNITED STATES, | |
| Defendant. | |

## PLAINTIFF COZY COMFORT COMPANY LLC'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE PLAINTIFF'S EXHIBITS AS TRIAL EVIDENCE

## I.   <u>INTRODUCTION</u>

Cozy Comfort Company LLC ("Plaintiff") hereby opposes Defendant's Motion *in Limine* to Exclude Plaintiff's Exhibits as Trial Evidence. (ECF Doc. 61, hereinafter "Motion".) The Court instructed the parties to work together to resolve their dispute over exhibits in good faith. <u>See</u> September 19, 2024 Pre-Trial Conference (Exhibit A), 136:2–138:3 ("Do you think you could workout a deal with the plaintiff regarding the other documents since you have these documents that you'd like to get in that also weren't provided by the 8th of August? . . . Why don't you two think together and see if you can workout something?"). The government clearly misunderstood this instruction. Shortly after the Pre-trial Conference, on Monday, September 23, 2024, Plaintiff's Counsel e-mailed the government to begin a discussion to resolve the issue. September 23, 2024, E-Mail to Defendant (Exhibit B).

The next day, September 24, 2024, the government sent its revised Schedule H-2, "which includes the three Comfy trademarks" that the government wants to add to this case. September 24, 2024, E-Mail to Plaintiff (Exhibit C); Defendant's Revised Schedule H-2, 6 (Exhibit D). The government marked these documents as Exhibits D47-D49. <u>Id.</u> The government did not respond or object to Plaintiff's Schedule H-1 with all 33 exhibits that Plaintiff intends to enter.

Given Defendant's silence with respect to Plaintiff's Schedules, and Defendant's clear desire to add *new* documents to its revised Schedule H-2, Plaintiff believed that the parties had approached a tacit agreement. Plaintiff was therefore surprised to find that, mere hours after Defendant e-mailed its *own revised* Schedule H-2, Defendant filed the present Motion to exclude Plaintiff's exhibits. Worse, Defendant filed the Motion even though it did not engage in *any* discussion with respect to Plaintiff's Schedules after the Pre-Trial Conference. In doing so, Defendant flouted the Court's instruction, revisited objections the Court already covered at the hearing, and improperly shifted onto the Court's docket a dispute that Defendant should have at least attempted to resolve. Indeed, had Defendant engaged in *any* discussion with Plaintiff, Defendant would have realized that it is objecting and seeking to exclude evidence that is on ***its own exhibit list***. This only further demonstrates that this is not a real dispute between the parties and that Defendant's reflexive objections, including its authentication and hearsay objections, are overtly premature given that Michael Speciale and Brian Speciale have yet to testify at trial.

Ultimately, the government is under the mistaken impression that it can revise its exhibit list and, at the same time, prevent Plaintiff from doing so. It is a well-settled principle of our adversarial system, and indeed a proverb that is often raised with respect to the fair admission of evidence, that "what is good for the goose is

good for the gander." Reese v. Army Fleet Support, LLC, No. 2:16-CV-227-TFM, 2018 WL 4214143, at *6 (M.D. Ala. Sept. 4, 2018), aff'd, 784 F. App'x 732 (11th Cir. 2019) ("**Plaintiff attempts to have it both ways – producing late evidence to support his case while arguing Defendant failed. It should go without saying that what is good for the goose is good for the gander**.") (emphasis added). For at least these reasons, Defendant's Motion should be denied.

## II.    BACKGROUND

Defendant asks that the Court exclude the following documents: (1) Plaintiff's proposed Exhibits (P) 9, 10, 11, 12, 13, 14, 15, 23, 24, and 30 from Plaintiff's first Schedule H-1; and (2) Exhibits (P) 8, 24, 25, and 26 from Plaintiff's second Schedule H-1. (Motion, 3.)  These documents are described below:

| P9 | 1-23 | Photographs of The Comfy® displayed for sale (Bates Nos. Cozy Comfort 000240-261) |
| P10 | 1-177 | [CONFIDENTIAL] Licensing agreements (Bates Nos. Cozy Comfort 00762-00938) |
| P11 | 1-132 | [CONFIDENTIAL] The Comfy Psychographic Segmentation Study Findings (Bates Nos. Cozy Comfort 000939-001070) |
| P12 | 1-100 | Photographs from customers (Bates Nos. Cozy Comfort 001075-001174) |

| P13 | N/A | Compilation of customer reviews demonstrating use for protection against extreme cold, *available at* https://thecomfy-my.sharepoint.com/:x:/p/ashley/EYsWjNWmZzNFr7n3-vrEiWsB9_f9fahu5dKwqvzVcV0k6A?rtime=hBqEOojG3Eg |
|---|---|---|
| P14 | 1-2 | Amazon customer review demonstrating use for protection against extreme cold |
| P15 | 1-6 | [CONFIDENTIAL] Cozy Comfort net sales 2018-2022 (Bates Nos. Cozy Comfort 001175-001180) |

| P23 | N/A | Sample of the Snuggie® |
|---|---|---|
| P24 | 1-43 | Exp. Rep. of James Crumley |

| P30 | | Reb. Ex. Rep. of James Crumley |
|---|---|---|

Plaintiff's Exhibits (P) 8, 24, 25, and 26 from Plaintiff's second Schedule H-1 are described as follows:

| P8 | 1-12 | Patent No. D905,380 |
|---|---|---|

| P24 | 1 | Image of The Comfy® marketed in the Walmart Home; Bedding; Blankets section (Ferro Depo., Exhibit 5) |
|-----|---|---|
| P25 | 1 | Image of The Comfy® marketed in the Target Home; Home Decor; Throw Blankets section (Ferro Depo., Exhibit 5) |
| P26 | 1 | Image of The Comfy® marketed in the Amazon Wearable Blankets section (Ferro Depo., Exhibit 5) |

## III.   ARGUMENT

### A. Defendant's Motion Seeks to Exclude Evidence Which Is On Defendant's Own Exhibit List and Which Defendant Seeks to Admit in this Action.

The Court should deny Defendant's Motion to exclude Plaintiff's Exhibits P9, P10, P11, P12, P15, P23, P24, and P30 from Plaintiff's first Schedule H-1. The first objected-to document, P9, (*Photographs of The Comfy® displayed for sale (Bates Nos. Cozy Comfort 000240-261)*), is a document included in **Defendant's own exhibit list** as pages ECF538-552 of Defendants' Exhibit D12. The inclusion of these images on Defendant's own exhibit list makes it clear that this is not a real dispute between the parties. Tellingly, Defendant argues that this very same exhibit lacks trustworthiness (Mot. 5), is unreliable (Mot., 5), is not probative of any issues for trial (Mot., 9), and violates Fed.R.Evid. 1002 and 1006 (Mot., 9). Both parties want these photographs admitted, and the Court should admit the images as

stipulated to—either in the version shown at ECF538-552 of Exhibit D12 or as shown in P9.

The next objected-to document, P10 (*[CONFIDENTIAL] Licensing agreements (Bates Nos. Cozy Comfort 00762-00938)*), is, again, a document included in **<u>Defendant's own exhibit list</u>** as pages ECF1-198 of Defendants' Exhibit D26. The inclusion of these licenses on Defendant's own exhibit list, makes it clear that this is not a real dispute between the parties. Tellingly, Defendant argues that this very same exhibit is not probative of any issues for trial. Mot., 9. Both parties want these licenses admitted, and the Court should admit the licenses as stipulated to—either in the version shown at ECF1-198 of Exhibit D26 or as shown in P10.

The next objected-to document, P11 (*[CONFIDENTIAL] The Comfy Psychographic Segmentation Study Findings (Bates Nos. Cozy Comfort 000939-001070)*), is, again, a document included in **<u>Defendant's own exhibit list</u>** as pages ECF199-331 of Defendants' Exhibit D26. The inclusion of this study on Defendant's own exhibit list, makes it clear that this is not a real dispute between the parties. Tellingly, Defendant argues that this very same exhibit is untrustworthy and unreliable (Mot., 5), is not probative of any issues for trial, and violates Fed.R.Evid. 1006 (Mot., 10). Both parties want this study admitted, and the Court should admit the study as stipulated to—either in the version shown at ECF199-331 of Exhibit

D26 or as shown in P11.

The next objected-to document, P12 (*Photographs from customers (Bates Nos. Cozy Comfort 001075- 001174)*), is, again, a document included in **Defendant's own exhibit list** as pages ECF337-437 of Defendants' Exhibit D26. The inclusion of these photographs on Defendant's own exhibit list, makes it clear that this is not a real dispute between the parties. Tellingly, Defendant argues that this very same exhibit is untrustworthy and unreliable (Mot., 5) is not probative of any issues for trial, and violates Fed.R.Evid. 1002 and 1006 (Mot., 10). Both parties want these photographs admitted, and the Court should admit the photographs as stipulated to—either in the version shown at ECF337-437 of Exhibit D26 or as shown in P12.

The next objected-to document, P15 ([CONFIDENTIAL] Cozy Comfort net sales 2018-2022 (Bates Nos. Cozy Comfort 001175-001180)), is, again, a document included in **Defendant's own exhibit list** as pages ECF438-444 of Defendants' Exhibit D26. The inclusion of these sales documents on Defendant's own exhibit list, makes it clear that this is not a real dispute between the parties. Tellingly, Defendant argues that this very same exhibit is untrustworthy and unreliable. Mot., 5–6. Both parties want these sales documents admitted, and the Court should admit the sales documents as stipulated to—either in the version shown at ECF438-444 of

Exhibit D26 or as shown in P15.

Likewise, Defendant objects to Plaintiff's expert reports and underlying expert sample from Plaintiff's first Schedule H-1: exhibits P23 (Sample of Snuggie® considered by Mr. Crumley for his report), P24 (Expert Report of James Crumley), and P30 (Rebuttal Expert Report of James Crumley) (collectively, "Crumley Exhibits"). Mot. 4, 12–13. Yet, unsurprisingly, Defendant seeks to introduce **its own expert disclosures and expert reports as exhibits** D28 (Expert Disclosure of Mary Ann Ferro), D29 (Expert Report of Mary Ann Ferro), D38 (Expert Disclosure of Patricia Concannon), and D39 (Expert Report of Patricia Concannon). Defendant's conclusory objections with respect to the Crumley Exhibits' relevance and reliability are unavailing, as fully briefed in Plaintiff's Opposition to Defendant's Motion *in Limine* to Exclude the Expert Testimony of Mr. James Crumley (ECF Doc. 66). For instance, once more, Defendant failed to articulate any reason why Mr. Crumley should not have considered a 2023 Snuggie®. Indeed, the Court is engaging in a *de novo* review in 2024 to arrive at the correct classification for The Comfy®, and Defendant has not asserted that a 2023 Snuggie® is classified any differently under the current tariff schedule than a 2009 Snuggie®. Accordingly, any suggestion that Mr. Crumley's analysis is unreliable for referring to the 2023 Snuggie® instead of the 2009 Snuggie® is incorrect. Regardless, to the extent Defendant wishes to raise

this issue again, it can do so during its cross-examination of Mr. Crumley.

Simply put, the government cannot have it both ways. Defendant's Motion is riddled with self-serving arguments, wasting the Court's time by repeatedly requesting the Court to exclude exhibits marked with a "P" even though Defendant seeks to admit those same exhibits marked with a "D". Whether Defendant's reflexive objections are a form of 'litigation legerdemain' or simply demonstrate an honest oversight stemming from the breakdown in communication between the parties, such objections are nevertheless improper. Accordingly, the Court should deny Defendant's Motion to exclude Plaintiff's exhibits P9, P10, P11, P12, P15, P23, P24, and P30 from Plaintiff's first Schedule H-1.

### B. Defendant Seeks an Inequitable Result.

As an initial matter, both parties have revised their exhibit lists and are seeking to introduce documents that were not produced in discovery. Plaintiff is seeking to introduce and use Exhibits P13 and P14 from Plaintiff's first Schedule H-1, and Exhibit P8 from Plaintiff's second Schedule H-1. Likewise, Defendant is seeking to introduce and use new documents at trial. See Ex. D, 6. These documents are publicly accessible trademark registrations, and are listed as D47 (Trademark Registration No. 6,540,042), D48 (Trademark Registration No. 6,693,853), and D49 (Trademark Registration No. 6,896,826). Though Defendant did not produce any of

these documents during discovery nor identify them as potential exhibits during the pre-trial order conferral process, Defendant is nevertheless seeking to prevent Plaintiff from including exhibits P13 and P14 from Plaintiff's first Schedule H-1 (Mot., 11–12), and P8 from Plaintiff's second Schedule H-1 (Mot., 7-8).

The government is applying an improper double standard. See Bates v. Jones, 131 F.3d 843, 861, n.1 (9th Cir. 1997) (Fletcher, J., concurring) (applying the principal that "[w]hat is good for the goose is good for the gander" to the State of California's arguments). Seemingly attempting to justify it, at the Pre-Trial Conference, Defendant drew an artificial distinction between its own post-discovery disclosure and that of Plaintiff's, arguing that these trademark registrations were only "recently discovered", and suggesting that these documents were withheld by Plaintiff. Ex. A, Pre-Trial Conference, 136:2–16. This argument should be dismissed. See Reese, 2018 WL 4214143, at *6 ("Plaintiff argues about Defendant's potential violation of discovery requests with a later produced chart. **However, Plaintiff is in no position to throw stones regarding discovery violations.** It became apparent to the Court in the pretrial motions hearing that both parties had made missteps in the discovery and preparation of the case.") (emphasis added).

Rather, Defendant should have filed a motion to compel discovery had it believed that Plaintiff failed to adequately respond to a discovery request. Such a

motion, however, would have been a waste of this Court's time. Trademark registrations are publicly accessible *government* documents, and it goes without saying that they were just as readily accessible to the government as they were to Plaintiff. Indeed, they have been publicly accessible since before the close of discovery, on October 26, 2021 (D47), April 5, 2022 (D48), and November 8, 2022 (D49), the trademarks' respective registration dates. In any event, the time for bringing discovery disputes forward has long since passed, and Defendant's attempt at drawing a distinction between the parties' mutual discovery missteps is unconvincing.

The only remaining issue, therefore, is whether the Court allows or excludes **all** of these post-discovery exhibits. Plaintiff already communicated to Defendant that it would agree to accept Defendant's new exhibits from its revised Schedule H-2 (subject to objections at trial) if Defendant would do the same for Plaintiff's second Schedule H-1. Defendant, however, maintains the maximalist position that they can do what Plaintiff cannot. To the extent the Court is inclined to allow Defendants to introduce exhibits D47–49, the Court should do so equitably, and allow Plaintiffs to introduce exhibits P8, P13, and P14. See Reese, 2018 WL 4214143, at *6, aff'd, 784 F. App'x 732 (11th Cir. 2019) ("It would be inequitable for this Court to let Plaintiff use late produced documents while precluding Defendant from doing the same.").

### C. Defendant's Remaining Objections Are Premature.

Defendant's objections to P13 and P14 of Plaintiff's first Schedule H-1, and to P8, P24, P25, and P26 of Plaintiff's second Schedule H-1 are either inapposite or premature.[1] Defendant objects to P13 and P14 on the basis that these documents *post-date* the legal dispute and therefore lack probative value. Mot., 11-12. Once more, the government tries to have it both ways. Each of Defendant's proposed additional exhibits have trademark registration dates that *post-date* Plaintiff's initial protest, its request for further review, and the issuance of CBP's Headquarters Letter Ruling (HQ) 313594. See Baker v. Phoenix Ins. Co., No. C12-1788JLR, 2014 WL 12563556, at *1 (W.D. Wash. Feb. 12, 2014) (observing that the defendant, in its opposition to the plaintiff's motion *in limine*, was now advancing an argument it had previously attacked in its own motion).[2]

Likewise, Defendant conveniently shifts the goalposts in arguing that Plaintiff's Exhibit P8 lacks probative value. Instead of arguing that P8 lacks probative value for failing to predate the ***legal dispute***, Defendant argues that P8 is

---

[1] Defendant's authentication, hearsay, relevance, and any "other" procedural objections to the remaining exhibits should be disregarded, given that, as explained above, Defendant included those documents on its *own* exhibit list, Schedule H-2.

[2] In any event, Defendant fails to cite any authority in support of its proposition that this Court, in conducting its *de novo* review, cannot consider evidence from the years between the initial protest and the close of discovery.

not probative because it does not predate "The Comfy®'s first ***entry and handling*** by Customs in July 2019." Mot., 9 (emphasis added). This is because Plaintiff's proposed Exhibit P8 (Design Patent No. D905,380) is a government document that has been publicly accessible since December 22, 2020, six months before the CBP's Headquarters Letter Ruling (HQ) 313594. Indeed, the patent was filed on April 11, 2020, over four months before Plaintiff filed its initial protest. Moreover, P8 is a "continuation-in-part" of Exhibit P7 (Design Pat. No. D859,788) (i.e., part of the same patent family). Tellingly, P7 is an exhibit that the government certainly believes is probative given that it has not objected to P7 and in fact, cited P7 in its own motion for summary judgment. (Doc. 28, Government MSJ, Ex. 18.)

Moreover, Defendant's attempt to exclude Exhibits P24, P25, and P26 (images from websites) from Plaintiff's second Schedule H-1 is premature. Defendant argues that no witness has yet testified as to these website images. Yet trial has not begun, and neither Michael Speciale nor Brian Speciale has yet to take the stand.

Indeed, virtually all of Defendant's authentication, hearsay, and "other" objections are premature given that many of the documents at issue fall under the business records exception of Fed.R.Evid. 803(6), upon properly laid foundation during the testimony of witnesses with knowledge, which will be given at trial.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion *in Limine* to Exclude Plaintiff's Unauthenticated, Hearsay, Or Otherwise Inadmissible as As Trial Evidence (Doc. 61).

DATED:  October 1, 2024

*/s/ Christopher J. Duncan*

Christopher J. Duncan
Elon Pollack
**STEIN SHOSTAK SHOSTAK POLLACK & O'HARA, LLP**
865 S. Figueroa St., Suite 1388
Los Angeles, California 90017
Telephone: (213) 630-8888
cduncan@steinshostak.com

Gregory P. Sitrick
Isaac S. Crum
Sharif S. Ahmed
**MESSNER REEVES LLP**
7250 N. 16th St., Suite 410
Phoenix, Arizona 85020
Telephone: (602) 457-5059
Facsimile: (303) 623-0552
gsitrick@messner.com
icrum@messner.com
sahmed@messner.com

**ATTORNEYS FOR PLAINTIFF COZY COMFORT COMPANY, LLC**

## CERTIFICATE OF COMPLIANCE

I, Christopher J. Duncan, hereby certify that the foregoing brief complies with the word count limitation, and contains 2690 words. Chambers Procedures 2(B)(2).

/s/ Christopher J. Duncan
Christopher J. Duncan