## UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: HON. STEPHEN ALEXANDER VADEN, JUDGE

| | |
|---|---|
| COZY COMFORT COMPANY, LLC, : <br> : <br> Plaintiff, : <br> : Court No. 22-00173 <br> v. : <br> : <br> UNITED STATES, : <br> : <br> Defendant. : | |

### **ORDER**

Upon consideration of plaintiff's motion *in limine* to exclude the testimony of defendant's witness Renee Orsat; upon consideration of defendant's response in opposition thereto; upon consideration of the parties' supplemental briefing and other papers and proceedings had herein, it is hereby

**ORDERED** that plaintiff's motion be, and hereby is, denied; and it is further

**ORDERED** that Ms. Renee Orsat shall be permitted to present testimony on behalf of defendant at trial.

_____
JUDGE

Dated: _____
New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: HON. STEPHEN ALEXANDER VADEN, JUDGE

| | |
|---|---|
| COZY COMFORT COMPANY, LLC, : | |
| : | |
| Plaintiff, : | |
| : | Court No. 22-00173 |
| v. : | |
| : | |
| UNITED STATES, : | |
| : | |
| Defendant. : | |

**DEFENDANT'S SUPPLEMENTAL BRIEF CONCERNING
THE GOVERNMENT'S INVOCATION OF THE DELIBERATIVE
PROCESS PRIVILEGE AND THE TRIAL TESTIMONY OF MS. RENEE ORSAT**

In accordance with the Court's October 3, 2024 Order, ECF 71, defendant, United States (the Government), respectfully submits this supplemental memorandum in further opposition to plaintiff's, Cozy Comfort Company, LLC (Cozy Comfort), motion *in limine* to exclude the testimony of defendant's witness Ms. Renee Orsat.

As the Court recalls, U.S. Customs and Border Protection (CBP) asserted the deliberative process privilege with respect to internal pre-decisional written communications leading to CBP's official classification decision, HQ H313594 for The Comfy®.  Ms. Renee Orsat, a National Import Specialist with CBP, is among the CBP personnel identified in certain communications that were withheld under the deliberative process privilege.  Cozy Comfort never moved to compel production of these documents.  As discussed in our October 1, 2024 response, ECF 67, the Government does not intend to delve into information subject to the deliberative process privilege through Ms. Orsat's testimony at trial.

Indeed, this privilege was also asserted during the USCIT Rule 30(b)(6) deposition of the Government.  During the summary judgment phase of this litigation, the Government did

not use deliberative process privileged information.  As reinforced by our October 1, 2024 response to plaintiff's motion *in limine*, we will not be seeking testimony from Ms. Orsat about the privileged communications.  Such pre-decisional information is irrelevant.  Our publicly available, official classification position of CBP, which unlike plaintiff's, has not changed: The Comfy® is a pullover properly classified under subheading 6110.30.30, HTSUS.  Because the Government's position has remained consistent throughout this case, there is no reason to believe that we have either waived the privilege or brought the substance of the privileged communications into issue.

As discussed below, Ms. Orsat's testimony will not involve any information covered by the asserted deliberative process privilege.  Accordingly, we respectfully submit that Ms. Orsat's testimony should not be precluded because certain communications were withheld based on the assertion of a valid privilege.

**ARGUMENT**

I.    **THE ASSERTION OF A PRIVILEGE DURING THE DISCOVERY PHASE OF AN ACTION DOES NOT WARRANT EXCLUDING ALL TESTIMONY FROM A PERSON AT TRIAL**

Like the attorney client privilege, the deliberative process privilege encourages open communications.  *Compare Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981) (purpose for attorney-client privilege) *with Dep't of Interior v. Klamath Water Users Prot. Ass'n.*, 532, U.S. 1, 8-9 (2001) (purpose of deliberative process privilege).  However, a party cannot maintain both confidentiality and disclosure of privileged material.  *See In re Grand Jury Subpoena*, 204 F.3d 516, 522 (4th Cir. 2000).  Seeking to use privileged information to one's litigation advantage while denying an opponent access to that same information is euphemistically known as using the privilege as "both a sword and a shield."

*See In re: Zetia (Ezetimibe) Antitrust Litig.*, MDL No. 2:18-md-2836, 2022 WL 4354620, *3 (E.D. Va. Aug. 15, 2022) (*Zetia*). When one seeks to use a privilege as a sword and shield when asserting a claim, issues of fairness warrant disclosure of the privileged information or preclusion of testimony about the undisclosed privileged information. *See Zetia*, 2022 WL 4354620, *3; *see also Ironburg Inventions Ltd. v. Valve Corp.*, 64 F.4th 1274, 1294 (Fed. Cir. 2023) (*Ironburg*) ("[trial] court did not abuse its discretion in precluding Valve from presenting evidence at trial on a topic" about which Valve did not permit deposition testimony instead asserting attorney-client privilege).

In *Ironburg*, the defendant's witness was instructed during a deposition not to respond to questions about his own opinion on plaintiff's patent infringement based on attorney-client privilege. 64 F.4th at 1294. At trial, the defendant sought to have this witness testify as to the privileged topic. *Id.* The trial court granted plaintiff's motion *in limine* precluding testimony from this witness as to the privileged topic, but the witness was permitted to testify as to other information that had not been withheld due to attorney-client privilege. *Id.*

Here, Ms. Orsat was identified as a potential witness in the Government's USCIT Rule 26 disclosures, and several emails and documents authored by Ms. Orsat or on which she was "cc'd" were withheld on the basis of the deliberative process privilege. *See* ECF 60-1 (Government's privilege log). Plaintiff did not depose Ms. Orsat in this action. As reflected in our description of Ms. Orsat's proffered testimony, ECF 52 at 59 of 92, we do not intend for Ms. Orsat to provide testimony concerning the substance of the documents withheld on the basis of the deliberative process privilege. Courts generally permit testimony on topics outside of those that were the subject of a privilege. *See, e.g, Ironburg*,

3

64 F.4th at 1294; *Morris v. Long*, No. 1:08-cv-01422, 2012 WL 3276938, *4 (E.D. Cal. Aug. 9, 2012 (permitting testimony from fact witnesses as to the defendant's interactions with the plaintiff based on their personal knowledge of police policies and procedures that had been precluded from discovery on the ground of privilege).

Moreover, the pre-decisional deliberations of CBP personnel are not relevant to the Court's *de novo* review of the proper classification of the subject merchandise.  Instead, the Court "must consider whether the government's classification is correct, both independently and in comparison to the importer's alternative." *Jarvis Clark Co. v. United States*, 733 F.2d 873, 878 (Fed. Cir. 1984).  The Government's classification of The Comfy® is provided in HQ H313594, and it is that classification determination that this Court must consider when reaching its classification decision.  Accordingly, testimony from Ms. Orsat as to those deliberations would be subject to exclusion for the alternative reason of relevance.

**CONCLUSION**

For the foregoing reasons, and those in our October 1, 2024 response, Ms. Orsat should be permitted to testify about information that was not withheld on the basis of the deliberative process privilege and plaintiff's motion *in limine* to exclude her testimony should be denied.

                                        Respectfully submitted,

                                        BRIAN M. BOYNTON
                                        Principal Deputy Assistant Attorney General

                                        PATRICIA M. McCARTHY
                                        Director

                                        JUSTIN R. MILLER
                                        Attorney-In-Charge
                                        International Trade Field Office

By:    /s/ Aimee Lee
          AIMEE LEE
          Assistant Director

          /s/ Beverly A. Farrell
          BEVERLY A. FARRELL
          Senior Trial Attorney

          /s/ Brandon A. Kennedy
          BRANDON A. KENNEDY
          Trial Attorney
          Civil Division, U.S. Dept. of Justice
          Commercial Litigation Branch
          26 Federal Plaza, Room 346
          New York, New York 10278
          Tel.: (212) 264-9230

Dated: October 10, 2024          *Attorneys for Defendant*

**CERTIFICATE OF COMPLIANCE**

    I, Beverly A. Farrell, a senior trial attorney in the Department of Justice, Civil Division, Commercial Litigation Branch, International Trade Field Office, who is responsible for the foregoing Defendant's Supplemental Brief Concerning The Government's Invocation of the Deliberative Process Privilege and the Trial Testimony of Ms. Orsat, certify that this memorandum complies with the Court's Order, ECF 71, limiting the brief to 5 pages.

                                                                   /s/ Beverly A. Farrell
                                                                   BEVERLY A. FARRELL