**UNITED STATES COURT OF INTERNATIONAL TRADE**
BEFORE: HON. STEPHEN ALEXANDER VADEN, JUDGE

| | | |
|---|---|---|
| COZY COMFORT COMPANY LLC, | : | |
| Plaintiff, | : | Court No. 22-00173 |
| v. | : | |
| UNITED STATES, | : | |
| Defendant. | : | |

# PLAINTIFF COZY COMFORT COMPANY LLC'S BRIEF PURSUANT TO THE COURT'S OCTOBER 3, 2024, ORDER

Pursuant to the Court's October 3, 2024, Order (ECF 71), Plaintiff submits this additional briefing establishing that Defendant's invocation of the deliberative process privilege bars Renee Orsat's testimony at trial.

I.     **Evidence Shielded from Discovery Must Be Excluded at Trial**

Courts do not allow litigants to selectively use privileges to shield certain evidence from opposing parties while at the same time introducing related evidence to prove their case. See Novadaq Techs., Inc. v. Karl Storz GmbH & Co. K.G., 2015 WL 9266497, at *3 (N.D. Cal. Dec. 18, 2015) (granting motion in *limine* to exclude testimony or argument about the fact that defendant sought advice of counsel, after plaintiff argued that any such testimony would be prejudicial); United States v. Amlani, 169 F.3d 1189, 1195 (9th Cir. 1999) (stating defendant "cannot assert that certain factors caused him to discharge his attorney and then invoke the attorney-client privilege to prevent the government from examining the situation further."). Even Defendant agrees that "no privilege may be used as a shield and a sword." Doc. 67 at 8. As with other privileges, the "deliberative process privilege" may not be used "as both a sword and a shield." *Pac. Gas & Elec. Co. v. Lynch*, No. C-01-3023 VRW`, 2002 WL 32812098, at *3 (N.D. Cal. Aug. 19, 2002) (citing Chevron Corp. v. Pennzoil Co., 974 F.2d 1156, 1162 (9th Cir.1992) ("The privilege which protects attorney-client communications may not be used both as a sword and a shield.") and Bobkoski v. Board of Educ., 141 F.R.D. 88, 91 (N.D.Ill.1992) (noting that the primary rationales for the deliberative process privilege and the attorney client privilege are analogous).

As mentioned in Plaintiff's Brief (Doc. 60 at 2–3), the treatise *Federal Civil Procedure Before Trial*, makes clear that to "prevent surprise and unfairness to the party seeking

discovery…where the party claiming privilege during discovery wants to testify at the time of trial, the court may ban that party from testifying on the matters claimed to be privileged." Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc., 259 F.3d 1186, 1196 (9th Cir. 2001) (quoting William A. Schwarzer, et al., Federal Civil Procedure Before Trial, ¶ 11:37 at 11–29 (2000)). This applies to all privileges, including the "deliberative process privilege." For example, in Am. Trucking Associations, Inc. v. City of Los Angeles, No. CV 08-4920 CAS (CTX), 2009 WL 10672284, at *6 (C.D. Cal. Dec. 21, 2009), the defendant, the City of Los Angles, used the deliberative process privilege to withhold evidence during discovery and the court held that "Defendants are further precluded from presenting at trial any evidence that they have withheld based on their assertion of the deliberative process privilege." *Id.* Indeed, the cases holding that a party is barred from introducing evidence it shielded from the opposing party by invoking a privilege are nearly universal.[1]

---

[1] See Ironburg Inventions Ltd. v. Valve Corp., 64 F.4th 1274, 1294 (Fed. Cir. 2023) (affirming exclusion of testimony where privilege was invoked during deposition); Energy Heating, LLC v. Heat On-The-Fly, LLC, 889 F.3d 1291, 1303 (Fed. Cir. 2018) (affirming exclusion of testimony that had been withheld during discovery under a claim of attorney-client privilege); Alfred E. Mann Found. for Sci. Rsch. v. Cochlear Corp., No. CV 07-8108 FMO (SHX), 2014 WL 12586105, at *10–11 (C.D. Cal. Jan. 3, 2014); Alamar Ranch, LLC v. Cnty. of Boise, No. 1:09-CV-004-BLW, 2010 WL 5186182, at *1–2 (D. Idaho Dec. 4, 2010) (stating that while "[t]here may be limits to the principle that a party cannot use an assertion of privilege as both a shield and a sword. However, at a minimum it precludes a party from asserting privilege to impede counsel's discovery efforts concerning a critical communication, meeting or event, and then offer evidence of that same communication, meeting or event during trial."); Pack v. Beyer, 157 F.R.D. 219, 222 (D.N.J. 1993) ("[t]he law is clear that presentation of evidence without prior disclosure is not permitted as a basis for a disposition on the merits."); Chevron Corp. v. Pennzoil Co., 974 F.2d 1156, 1162 (9th Cir. 1992) (rejecting reliance on the privilege to refuse to provide information on a topic during discovery and then seek to introduce evidence on that same topic at trial); Gutierrez–Rodriguez v. Cartagena, 882 F.2d 553 (1st Cir.1989) (granting *in limine* motion barring the defendant from testifying at trial on any matter the defendant previously claimed to be privileged); Fox v. Cal. Sierra Fin. Servs., 120 F.R.D. 520, 530 (N.D. Cal. 1988) ("If the holder intends to consent to waiver of the attorney-client privilege at trial, such intention must be disclosed during the discovery stage and any information as to which the privilege will be waived must be made available to the opposing party through discovery so as not to afford the one party an unfair advantage at trial."); Weil v. Inv./Indicators, Research & Mgmt., Inc., 647 F.2d 18, 24 (9th Cir. 1981) (noting that a privilege holder "may elect to withhold or disclose, but after a certain point his election must remain final").

## II.     Application of the Law to This Case

The same exclusionary rule should apply in this case. During discovery, Defendant purposely withheld communications by invoking deliberative process privilege regarding Customs' pre-decision process, including email communications between Ms. Orsat and other Customs import specialists regarding classification of The Comfy®. Given Defendant's extensive privilege log and heavy redactions throughout the Defendant's discovery production, there can be no doubt that during discovery Defendant used the deliberative process privilege as a shield to prevent Plaintiff from accessing communications between Customs personnel concerning the classification of The Comfy®. Defendant even invoked the privilege repeatedly to shut down questions about these communications during Plaintiff's deposition of Defendant's Rule 30(b)(6) witness. *See e.g.,* Mathern Dep. Tr. 97:10–15 ("Q: . . . So during the deliberations, different Import Specialists provided different views based on their own expertise; is that correct? MR. KENNEDY:    Objection.    Calls for divulging deliberate process privilege.")

Now, Defendant seeks to selectively introduce this same evidence concerning Customs' decision-making process through the testimony of Ms. Orsat. Specifically, Defendant seeks to call Ms. Orsat to testify to her: (1) review of Plaintiff's protest; (2) role in responding to the protest; (3) examination of a sample; (4) review of rulings in earlier related protests; (5) her analysis of relevant features of the product and how it functions; and (6) Customs' decision. Doc. 67 at 3. But these are the very same subjects covered by the heavily-redacted email communications Defendant purposely shielded from Plaintiff by invoking the deliberative process privilege. Without access to Ms. Orsat's communications with her Customs colleagues about these topics, and the prevalent disagreements with other import specialists apparent in the correspondence, Plaintiff and the Court

are prevented from evaluating Ms. Orsat's credibility and efficacy at trial. For example, she could testify to completely different observations and opinions at trial than she did contemporaneous to Customs' protest decision and Plaintiff and the Court would be none the wiser. This is a patently unfair tactical advantage.

In Defendant's brief on this issue, Defendant asks the Court to trust Defendant to only ask questions about subjects that were not withheld under privilege. Doc. 76 at 3 ("we do not intend for Ms. Orsat to provide testimony concerning the substance of the documents withheld on the basis of the deliberative process privilege."). This is an unreasonable request, of course, because only Defendant knows what it redacted. It would be prejudicial to allow Defendant to be the arbiter about what was withheld or not by allowing Ms. Orsat to testify on a limited basis. Only exclusion would ensure Defendant is not permitted to testify concerning evidence Defendant concealed during discovery by using the deliberative process as both a sword and a shield.

The Government wants to use Ms. Orsat to *selectively* introduce and use the parts of the "decisional process" that support their case offensively as a sword after spending all of discovery shielding the parts of that decisional process which hurt their case.[2] Such testimony is designed to convey to the Court that the withheld information supports Defendant's case without giving Plaintiff the opportunity to take any discovery on the issue. But the "genie cannot be put back in the bottle" at this late date and Ms. Orsat admittedly has no probative testimony of value to the Court other than her role as an import specialist deliberating on classification in this case. Given Ms. Orsat's only probative value is her role and opinions during Customs' deliberative process,

---

[2] By analogy, this would be the same as a defendant asserting a defense of "advice of counsel" and testifying at trial—while maintaining attorney-client privilege over the substance of the communication—as to all the facts surrounding their multiple meetings with attorneys before taking key actions.

and Defendant entirely shielded this deliberative process from Plaintiff by invoking the deliberative process privilege, Ms. Orsat must not be allowed to testify at trial. To allow otherwise, would unavoidably prejudice Plaintiff's ability to examine her and reward Defendant's use of the deliberative process privilege as both a shield and a sword. As other courts nearly universally have done, this Court should exclude Ms. Orsat from testifying at trial.

DATED:  October 10, 2024

/s/ Christopher J. Duncan
Christopher J. Duncan
Elon Pollack
**STEIN SHOSTAK SHOSTAK POLLACK & O'HARA, LLP**
865 S. Figueroa St., Suite 1388
Los Angeles, California 90017
Telephone: (213) 630-8888
cduncan@steinshostak.com


Gregory P. Sitrick
Isaac S. Crum
Sharif S. Ahmed
**MESSNER REEVES LLP**
7250 N. 16th St., Suite 410
Phoenix, Arizona 85020
Telephone: (602) 457-5059
Facsimile: (303) 623-0552
gsitrick@messner.com
icrum@messner.com
sahmed@messner.com

**ATTORNEYS FOR PLAINTIFF COZY COMFORT COMPANY, LLC**

## CERTIFICATE OF COMPLIANCE

I, Christopher J. Duncan, hereby certify that the foregoing brief complies with the word count limitation, and contains <u>1,497</u> words. Chambers Procedures 2(B)(2).

*/s/ Christopher J. Duncan*
Christopher J. Duncan
